**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:        (312) 222-9350
Facsimile:    (312) 527-0484

Attorneys for Defendant
The Clorox Pet Products Company, improperly sued as The Clorox Company.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CLOROX CONSUMER LITIGATION<br>————————————————————<br><br>This Document Relates To:<br><br>    All Actions | Master File No. 3:12-cv-00280-SC<br><br>**CLOROX'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO RULES 9(b) AND 12(b)(6)**<br><br>Hearing Date: August 10, 2012<br>Time: 10:00 a.m.<br>Courtroom: 1 – 17th Floor<br>Judge:  Hon. Samuel Conti<br><br>Action Filed: January 23, 2012<br><br>Amended Complaint Filed: April 11, 2012 |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

     I.     Plaintiffs Cannot Refute That the Gravamen of the Amended Complaint is a
Non-Actionable Lack of Substantiation Theory .......................................................2

     II.    Plaintiffs' Reliance on Non-Actionable Statements that Cats "Like" or "Are
Smart Enough to Choose Fresh Step" Must be Rejected..........................................6

     III.   Plaintiffs' Complaint Fails to Satisfy Rule 9(b) ......................................................8

     IV.   Plaintiffs' Express Warranty Claims Must be Dismissed........................................9

CONCLUSION.....................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                   **PAGE(S)**

*Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*,
    685 F. Supp. 2d 1001 (N.D. Cal. 2009) ..............................................................2, 7

*Barrera v. Pharmavite, LLC*,
    No. 11-4153, Dkt. No. 31 (C.D. Cal. Sept. 19, 2011) ......................................2, 4, 5

*Cardenas v. NBTY, Inc.*,
    No. CIV. S–11–1615, 2012 WL 159319 (E. D. Cal. May 4, 2012) ...........................5

*In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*,
    882 F. Supp. 915 (C.D. Cal. 1994) .......................................................................8

*Chavez v. Nestle USA, Inc.*,
    No. 09-9192, 2011 WL 2150128 (C.D. Cal. May 19, 2011) .................................2, 3

*Dessert Beauty, Inc. v. Fox*,
    617 F. Supp. 2d 185 (S.D.N.Y. 2007) ....................................................................7

*Edmunson v. Proctor & Gamble Co.*,
    No. 10-2256, 2011 WL 1897625 (S.D. Cal. May 17, 2011) ....................................9

*Franulovic v. Coca Cola Co.*,
    390 F. App'x 125 (3d Cir. 2010) ...........................................................................2

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ..................................................................................2

*Garcia v. M-F Athletic Co., Inc.*,
    No. CIV. 11–2430, 2012 WL 531008 (E.D. Cal. Feb. 17, 2012) ...........................10

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
    801 F. Supp. 2d 993 (S.D. Cal. 2011) ....................................................................9

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..............................................................................8

*McKinniss v. Sunny Delight Beverages Co.*,
    No. 07-2034, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ...................................2

*Nabors v. Google, Inc.*,
    No. 10-3897, 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) .................................11

*Stanley v. Bayer Healthcare LLC*,
    No. 11cv862, 2012 WL 1132920 (S.D. Cal. Apr. 3, 2012) .....................................4

*State ex rel. Metz v. CCC Info. Services, Inc.*,
    149 Cal. App. 4th 402 (2007) ................................................................................4

*W.L Gore & Assocs., Inc. v. Totes, Inc.*,
    778 F. Supp. 800 (D. Del. 1992) ............................................................................8

*Yamada v. Nobel Biocare Holding AG*,
    No. 2:10–cv–04849, ECF No. 36 (C.D. Cal. Jan. 20, 2011) ..................................10

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED COMPLAINT

1

## **INTRODUCTION**

2      This lawsuit is an attempt to transform a narrow technical dispute between two competitors into a

3 broad-based consumer fraud class action.  Tellingly, Plaintiffs in their opposition brief do not dispute

4 that Clorox's Fresh Step cat litter fulfills its intended purpose of reducing odors from cat waste or that

5 Clorox's carbon-based formula helps eliminate those odors.  In fact, Plaintiffs in their Amended

6 Complaint do not even allege that they personally found another brand of cat litter to be more effective

7 than Fresh Step.  Nor do they allege that their cats prefer another brand over Fresh Step.  Rather,

8 Plaintiffs' lawsuit is *solely* based on an allegation made by Clorox's business competitor (in a different

9 Lanham Act lawsuit) that statements made in Clorox's commercials supposedly lacked scientific

10 substantiation.[1]  As set forth in Clorox's motion to dismiss, Plaintiffs' claims are not actionable under

11 California law and must be dismissed for the following reasons.

12      First, Plaintiffs may not pursue a claim for lack of substantiation under California's consumer

13 protection statutes.  Plaintiffs tacitly acknowledge this legal proposition, but argue that the Amended

14 Complaint — unlike the original complaint (*Luszcz v. The Clorox Company*, No. CV 12-0356, Dkt. No.

15 1) — is not based on a lack of substantiation theory but, rather, on the theory that Clorox's

16 representations were "clearly and provably false."  Opp. at 6.  But simply replacing the term

17 "unsubstantiated" found in the original complaint with the phrase "false and misleading" in their

18 Amended Complaint does not make their claims actionable.  The crux of Plaintiffs' lawsuit remains that

19 Clorox supposedly did not have the scientific substantiation for its claim that carbon is more effective at

20 controlling cat waste odor than baking soda, an ingredient found in the cat litter produced by Clorox's

21 competitor.  In other words, Plaintiffs are *not* complaining that they personally found Fresh Step to be

22 less effective than other brands; rather, their objection is that Clorox's business competitor had

23 complained in a different lawsuit about the supposed lack of substantiation for statements made in Fresh

24

25 _____

26 [1] Church & Dwight brought a federal Lanham Act lawsuit against Clorox in New York (in which Clorox filed counter-claims), but that case has since been settled.  No final judgment issued in that matter because, without any admission of wrongdoing or liability by either party, the parties entered into a confidential settlement agreement, and the action, the complaint, the counterclaims and the appeal of the order, were dismissed and/or withdrawn with prejudice on April 20, 2012.

27

28

1

Step advertisements. Plaintiffs' attempt to piggyback off of the allegations made by a business competitor in the Lanham Act litigation must be rejected because courts in the Ninth Circuit have held lack of substantiation claims are not actionable under California consumer protection laws.

Second, Plaintiffs' claims based on Clorox's statements that "cats 'chose' Fresh Step over other cat litters" must be dismissed because they are non-actionable. Plaintiffs argue in their opposition brief that these are "measurable statements upon which a reasonable consumer would rely." Opp. at 8. Yet courts have recognized that a "consumer would not rely upon [advertisements] with an implicit message of hyperbole." *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, 685 F. Supp. 2d 1001, 1022-23 (N.D. Cal. 2009). Here, the full context of the humorous clips — of "smart" cats appearing to close doors on dogs and being pushed in baby strollers — belies Plaintiffs' assertion that a reasonable consumer would rely on Clorox's statements that cats are smart enough to "choose" Fresh Step. The "implicit message of hyperbole" in the Fresh Step advertisements renders them non-actionable.

Third, the Amended Complaint must be dismissed for failure to identify with particularity the specific advertisements on which Plaintiffs allegedly relied, as required under Rule 9(b). Plaintiffs' opposition brief merely underscores the lack of specificity alleged in the Amended Complaint.

Fourth, Plaintiffs cannot save their express warranty claim from dismissal. The warranty claim must be dismissed because none of the challenged statements constitute an affirmation of fact or a promise. Further, Plaintiffs do not dispute the lack of privity here, and their claims do not fall within any recognized exception to the privity requirement.

## ARGUMENT

## I.    Plaintiffs Cannot Refute That the Gravamen of the Amended Complaint is a Non-Actionable Lack of Substantiation Theory.

Under California's consumer fraud statutes, a plaintiff must plausibly allege that an advertisement is false or misleading such that it is "likely to deceive a reasonable consumer." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *McKinniss v. Sunny Delight Beverages Co.*, No. 07-2034, 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007). Plaintiffs have failed to do so here.

As explained in Clorox's opening brief, Plaintiffs' Amended Complaint is based at its core on a lack of substantiation theory, which is not cognizable under the UCL, FAL, or CLRA. *See Barrera v.*

*Pharmavite, LLC*, No. 11-4153, Dkt. No. 31, at 3-4 (C.D. Cal. Sept. 19, 2011) (*see* Clorox's Request for Judicial Notice, Dkt. No. 44, and attached hereto as Exhibit A); *Chavez v. Nestle USA, Inc.*, No. 09-9192, 2011 WL 2150128, at *5 (C.D. Cal. May 19, 2011); *Franulovic v. Coca Cola Co.*, 390 F. App'x 125, 128 (3d Cir. 2010).  For example, in *Barrera*, the plaintiff claimed that the defendant did not have "competent scientific evidence to support its health benefit claims."  Ex. A  at 3-4.  The court dismissed the lawsuit as a matter of law "[b]ecause there is no private remedy for unsubstantiated advertising [under California law]."  *Id.* at 3 (alteration in original).  Similarly in *Chavez,* the  plaintiffs complained that Nestle lacked substantiation for its claim that an ingredient in its juice products may help support early-age brain and eye development.  2011 WL 2150128, at *2.  The court dismissed the case because the "primary focus" of the lawsuit was the "supposed lack of substantiation for the advertised attributes of the nutrients," and "[p]rivate plaintiffs are not authorized to demand substantiation for advertising claims."  *Id.* at *5-6.   In short, Plaintiffs are attempting to use the California consumer protection statutes to re-litigate a Lanham Act case between two competitors that has since been settled.

Plaintiffs' opposition brief does nothing to save the Amended Complaint from dismissal on this basis.  First, Plaintiffs do not dispute that California law does not recognize a consumer fraud claim based solely on lack of substantiation.  Instead, Plaintiffs argue that Clorox "mischaracterize[s] the Complaint" as being premised on a lack of substantiation theory.  Opp. at 5.  Yet despite Plaintiffs' protestations, it is clear the gravamen of the Amended Complaint, just like the original Luszcz Complaint, is that Clorox's advertising claims are improper because they lack scientific proof and, thus, are "unsubstantiated."  *Id.* ¶ 74 (claiming Clorox violated the CLRA by making representations it knew or should have known were "unsubstantiated").  A side-by-side comparison of the Luszcz Complaint with the Amended Complaint evidences the fact that Plaintiffs merely replaced the overt references to Clorox's alleged lack of substantiation with the conclusory allegation that Clorox's advertisements are "false, misleading, and likely to deceive a reasonable consumer":

| Luszcz Complaint | Plaintiffs' Consolidated Class Action Complaint |
|---|---|
| "The truth, however, is that Clorox has no evidence to support its superiority claims." ¶ 7. | "The truth, however, is that Clorox's superiority representations are false, misleading, and likely to deceive a reasonable consumer." ¶ 7. |
| Alleging that "these sensory lab tests do not support Clorox's deceptive messages." ¶ 29. | Alleging that "[t]he superiority representations made in Clorox's commercials described above are false, misleading, and likely to deceive a reasonable consumer." ¶ 35. |
| "Common legal and factual questions include, but are not limited to: (a) Whether Clorox had adequate substantiation for its claims prior to making them . . . ." ¶ 44. | "Common legal and factual questions include, but are not limited to: (a) Whether Clorox's claims are true, misleading, or likely to deceive a reasonable consumer . . . ." ¶ 67. |

This cut-and-paste approach cannot save Plaintiffs' Amended Complaint from dismissal.  In *Barrera*, the plaintiff similarly attempted to save her consumer fraud claims by amending her complaint to add references to "false and misleading" claims.  The court would have none of it:  While "some of the claims in [plaintiff's new] complaint conclusorily state that [defendant] makes false and misleading statements, when considered as a whole as it must be for the purposes of a 12(b)(6) motion, the complaint primarily alleges the claims . . . lack substantiation."  Ex. A at 4 (internal citation omitted). *See also Stanley v. Bayer Healthcare LLC*, No. 11cv862, 2012 WL 1132920, at *4 (S.D. Cal. Apr. 3, 2012) (finding that "even though Plaintiff acknowledges she cannot pursue a claim based upon lack of substantiation of Defendant's health claims regarding PCH, the vast majority of Plaintiff's pleadings and filings are targeted at this argument").[2]

Plaintiffs appear to argue that this is not a mere lack of substantiation case by citing studies offered by Clorox competitor Church & Dwight in its litigation against Clorox in the Lanham Act case in New York.  In that case, the competitors' competing studies were at the center of a dispute that

---

[2] California's sham pleading doctrine is instructive here.  As stated in *State ex rel. Metz v. CCC Info. Services, Inc.*, 149 Cal. App. 4th 402 (2007), "[u]nder the sham pleading doctrine, plaintiffs are precluded from amending complaints to omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers or motions for summary judgment."  *Id*. at 412 (quotation omitted).  Further, "[a] plaintiff may not avoid a demurrer by pleading facts or positions in an amended complaint that contradict the facts pleaded in the original complaint or by suppressing facts which prove the pleaded facts false."  *Id*.  Here, Plaintiffs' attempt to re-cast their claims by replacing "lack of substantiation" with "false and misleading" cannot erase from the Amended Complaint the theory of the case as evidenced by the *Luszcz* Complaint.

---

ultimately settled.  Plaintiffs' reliance on such studies merely exposes Plaintiffs' Amended Complaint as an attempt to re-litigate that lawsuit under the guise of California law and to shoehorn a Lanham Act claim into California's consumer protection statutes.  Notably here, Plaintiffs themselves never allege that they found Fresh Step to be less effective than a competing brand or that their cats preferred a baking soda-based cat litter.  Rather, Plaintiffs' lawsuit is based exclusively on the claim of supposed lack of substantiation made by Clorox's competitor in the Lanham Act lawsuit.  The fact that Plaintiffs themselves do not complain about Fresh Step — other than to parrot what Clorox's business competitor alleged in a Lanham Act lawsuit — makes it clear that this case is about supposed lack of substantiation, not consumer fraud.

Furthermore, Plaintiffs' failure to allege that Fresh Step does not reduce cat odors or that they found Fresh Step to be less effective than other brands highlights the distinction between Plaintiffs' Amended Complaint and the typical consumer protection case, in which a consumer seeks relief because he or she was harmed when a product failed to perform as intended.  *Cardenas v. NBTY, Inc.*, No. CIV. S–11–1615, 2012 WL 159319 (E. D. Cal. May 4, 2012), the only case cited by the Plaintiffs to support the viability of their statutory claims, is distinguishable on this basis.  In *Cardenas*, the plaintiff brought a consumer fraud claim based on allegations that "[t]he Osteo Bi–Flex Regular Strength that Plaintiff purchased and took as directed *did not help* to promote mobility, renew cartilage, maintain healthy connective tissue, or improve joint comfort, as represented."  *Id*. at *1 (emphasis added).  The court refused to dismiss the complaint, finding the plaintiff's allegations that the product did not work as advertised sufficient to state a claim under California's consumer protection statutes.  Here, on the other hand, Plaintiffs do not allege that Fresh Step failed to perform as intended, or even that they personally found that Fresh Step was less effective than a competing brand.  Rather, they allege that Fresh Step's claims of superiority are unsupported by scientific studies (simply because Clorox's business competitor said so).  This allegation may be pursued only through a competitor action under the Lanham Act.

In short, "the 'primary focus' of [Plaintiffs' complaint] can only be said to be 'a supposed lack [of] substantiation for the advertised attributes'" of Fresh Step cat litter.  *Barrera*, Ex. A at 3.  And, because lack of substantiation is not a cognizable theory under California's consumer statutes, Plaintiffs' claims must be dismissed.

## II.  Plaintiffs' Reliance on Non-Actionable Statements that Cats "Like" or "Are Smart Enough to Choose Fresh Step" Must be Rejected.

Plaintiffs argue that statements such as Cats "Like" or "Are Smart Enough to Choose Fresh Step" are actionable because the advertisements "give the impression that the preference statements are based upon scientific testing."  Br. 10.  But the full context of the advertisements, including the humorous images, puffery statements, and the general tenor, proves otherwise.  Clorox's Fresh Step advertisements contain playful depictions of "smart" cats, including cats opening drawers, cats riding in baby strollers, and a cat appearing to close a door to prevent a dog from entering the house:







The voiceovers accompanying these light-hearted and patently humorous advertisements include statements such as "Cats like boxes[, a]nd ones with Fresh Step litter inside," and "Cats are smart. . . . They're also smart enough to choose the litter with less odors."  As explained in Clorox's opening brief, these messages are not actionable under California's consumer protection statutes.  Plaintiffs argue in their opposition that statements regarding "what cats 'like' or 'prefer' in a cat litter" are measurable preference statements, and are therefore actionable.  Opp. at 8-10.  Plaintiffs' arguments must be rejected, however, as they ignore the context of the Clorox advertisements in which the statements are made.

Courts have recognized that the full context of an advertisement materially impacts its actionable nature.  In *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, for example, a competitor sued under the Lanham Act for unfair competition and false advertising based on, *inter alia*, a cartoon advertisement involving claims of superiority.  685 F. Supp. 2d 1001.  In holding the cartoon non-actionable, the court stated as follows:

> [T]he advertisements in dispute present exaggerated claims in the context of a cartoon . . . . The way in which a consumer would view a warning sticker and its message is much different from the way in which a consumer would view an exaggerated cartoon.  A consumer would not rely upon a cartoon with an implicit message of hyperbole. . . . The [advertisements at issue] are nonactionable."

*Id.* at 1022–23.  Here, similarly, the anthropomorphization of cats in Clorox's advertisements contains an "implicit message of hyperbole," which renders the advertising non-actionable.

Further, in *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185 (S.D.N.Y. 2007), the plaintiffs

argued that the defendant "mislabeled her products by providing misleading information, such as asserting, for example, that her products are 'magical love attractant[s].'" 193 n.2. The court rejected that claim, holding that "[a]ny reasonable juror looking at this would understand that it was . . . an attempt to be cute." *Id.* Consumers would similarly recognize Clorox's advertisements as "an attempt to be cute" that amounts to a non-actionable statement.

The authorities cited by Plaintiffs are not to the contrary. The decisions relied upon by Plaintiffs merely emphasize the distinction between actionable, statistical superiority claims, and the non-measurable anthropomorphism at issue here. *See, e.g.*, *W.L Gore & Assocs., Inc. v. Totes, Inc.*, 778 F. Supp. 800, 809 (D. Del. 1992) (holding as actionable claim that product is seven times more breathable than competitor); *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. 915, 926 (C.D. Cal. 1994) (holding as actionable claim that RE/MAX agents outsell other agents "three to one"). In contrast to measurable claims that a product is seven times more effective than its competitor, or that an agent outsells others by a margin of three to one, no reasonable consumer would believe, based on the light-hearted film shown, that cats are smart enough to understand that carbon is more effective than baking soda in reducing odors or that cats "like" or "choose" Fresh Step. These statements are quintessential non-actionable statements.

## III.    Plaintiffs' Complaint Fails to Satisfy Rule 9(b).

Because their statutory claims sound in fraud, Plaintiffs' allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (holding that "Rule 9(b)'s heightened pleading standards apply to violations of the CLRA and UCL"). These are basic facts that Plaintiffs should know and are obligated to set forth in their complaint.

Plaintiffs do not deny that their allegations are subject to Rule 9(b)'s heightened pleading standard. Rather, Plaintiffs argue that they have met that heightened pleading standard because they "submitted story board images" of multiple Clorox advertisements, and alleged that "Plaintiff was 'exposed to and saw Clorox's marketing and advertising claims.'" Opp. at 12. Contrary to Plaintiffs' intentions, however, this recitation of the Complaint's factual allegations merely underscores its lack of specificity. While it is true that Plaintiffs identify "multiple [allegedly false and misleading] television

8

commercials" (Opp. at 12), Plaintiffs never connect the dots between any particular commercial and their supposed reliance,  making only vague claims that they were "exposed to and saw Clorox's marketing and advertising claims." This omission is fatal to their statutory claims. *See In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1006 (S.D. Cal. 2011) (dismissing complaint that alleged plaintiff "was exposed to and read Defendants' advertising claims," but did not identify "what representations each Plaintiff relied on").

Nor do they allege when they purchased Fresh Step, where they purchased it, and how many units they bought.  These omissions are similarly fatal to Plaintiffs' statutory claims. *See Hydroxycut*, 801 F. Supp. 2d at 1006-07 (dismissing claims where "[n]o facts are alleged as to the timing of the purchase in relation to the Plaintiff's exposure to the advertising claims or as to Plaintiff's reliance on the advertising claims").  As a result, Plaintiffs cannot save the Amended Complaint from dismissal for failure to satisfy Rule 9(b).

## IV.    Plaintiffs' Express Warranty Claims Must be Dismissed.

Although Plaintiffs devote seven pages of their 25-page opposition brief to rebutting Clorox's arguments related to their express warranty claim, they cannot save the claim from dismissal.  First, Plaintiffs cannot escape the fact that the Amended Complaint fails to "specifically allege[] which representations [they] saw, heard, or read" and, thus, "formed the 'basis of [their] bargain.'" *Hydroxycut*, 801 F. Supp. 2d at 1008.  For the same reasons that Plaintiffs' statutory claims must be dismissed for failure to satisfy Rule 9(b), Plaintiffs' express warranty claim must be dismissed because of Plaintiffs' failure to specify precisely which advertisement Plaintiffs relied on, and when that reliance occurred.

Second, to the extent Plaintiffs' express warranty claims are limited to the statements challenged in paragraph 159 of the Amended Complaint, Plaintiffs fail to explain how those statements constitute "affirmation[s] of fact or [] promise[s]" on which an express warranty claim may rest. *Edmunson v. Proctor & Gamble Co.*, No. 10-2256, 2011 WL 1897625, at *5 (S.D. Cal. May 17, 2011).  The statement that cats "are smart enough to choose" Fresh Step (Compl. ¶ 159) is not an actionable affirmation of fact or a promise for purposes of Plaintiffs' warranty claim for the same reason the statement constitutes a non-actionable statement for purposes of Plaintiffs' statutory claims.

Further, the challenged statements regarding the alleged superiority of Fresh Step are "subjective product superiority claims" and, thus, cannot form the basis of a claim for breach of express warranty. *Id.* Plaintiffs' reliance on *Yamada v. Nobel Biocare Holding AG*, No. 2:10–cv–04849, ECF No. 36 (C.D. Cal. Jan. 20, 2011), does not establish otherwise. In *Yamada*, a dentist sued the manufacturer of dental implants that had failed in "at least a dozen" of the dentist's patients, "requiring surgical removal, reconstruction, replacement, and monitoring." *Id.* at 2. Yamada alleged that the manufacturer had made "false representations about the [implant's] safety and effectiveness," including a representation that the implant "caused reduced bone loss and less discomfort than other implants." *Id.* at 2-3. The court held that this superiority representation constituted an "actionable affirmation[] of fact" for purposes of the plaintiff's express warranty claim, since Mr. Yamada claimed that the dental implants were of such inferior quality that in many cases they were unfit for use and had to be surgically removed. *Id.* at 2-3, 10. Here, on the other hand, Plaintiffs do not allege that Fresh Step was ineffective or unfit for use. In fact, Plaintiffs do not dispute that Fresh Step works to reduce odors, as advertised, or that Fresh Step was not as effective as other brands in their own personal experiences. *Yamada*, therefore, does not support Plaintiffs' invocation of Clorox's generalized superiority representations as a basis for their express warranty claim.

Finally, Plaintiffs' breach of warranty claim fails because there is no privity. While Plaintiffs accept the general rule that privity of contract is required for a breach of warranty action (Opp. at 18), and tacitly acknowledge the lack of privity here, Plaintiffs argue that their claim falls into an exception to the general rule. Specifically, Plaintiffs cite *Garcia v. M-F Athletic Co., Inc.*, No. CIV. 11–2430, 2012 WL 531008 (E.D. Cal. Feb. 17, 2012), for the proposition that a plaintiff may assert a breach of warranty claim in the absence of privity when he or she "relies on written labels or advertisements of a manufacturer." *Id.* at *2. But Plaintiffs' reliance on *Garcia* is misplaced, as the exception recognized by the *Garcia* court is explicitly limited to *written* warranties. As explained by the *Garcia* court in an excerpt not quoted by Plaintiffs, "if [the plaintiff] wishes state a breach of warranty claim on the basis of written labels or advertisements, he must allege *what writing* he saw, when he saw it, and how he relied upon it." *Id.* at *3 (emphasis added). Here, Plaintiffs' allegations are based solely on Clorox's

television advertisements.[3]  Therefore, they do not fall within the exception articulated by *Garcia*, nor any other recognized exception to the privity requirement.  For this reason alone, Plaintiffs' warranty claim must be dismissed.

## CONCLUSION

For the foregoing reasons, in addition to those set forth in Clorox's opening brief, Clorox respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety and with prejudice or, in the alternative, strike Plaintiffs' class allegations from the complaint.


Dated:  June 29, 2012                          JENNER & BLOCK LLP

                                               _/s Kenneth K. Lee_____
                                               By: Kenneth K. Lee

                                               Attorneys for Defendant
                                               The Clorox Pet Products Company

---

[3]  The Luszcz Complaint contained descriptions of Clorox's website and Fresh Step's packaging, and relied on those written materials as a basis for the claims.  The Amended Complaint, in contrast, contains no descriptions of any written materials, and focuses entirely on Clorox's television commercials.  *Compare* Luszcz Compl. ¶¶ 18-20 (referencing and quoting from Clorox's website), 21 (quoting from Fresh Step's packaging), 23-24 (alleging that "Clorox began a two-fold marketing and advertising campaign via *print, internet* and television," which "comprised various tactics such as *product packaging, website advertisements*, and multiple television commercials"), *with* Compl. ¶ 28-29 (containing no quotations from Clorox's website or Fresh Step's packaging, and alleging that "Clorox began a two-fold marketing and advertising campaign *via television*," which "consisted of multiple *television commercials*").

The only reference to any written marketing material in the Amended Complaint appears in Plaintiffs' breach of express warranty claim:  "The terms of that contract include the promises and affirmations of fact made by Clorox on its product labels and through its marketing campaigns, *as described above*."  ¶ 158.  Yet Clorox's product labels are not "described above," nor are they attached as exhibits to the Amended Complaint (as are the television advertisements).  To the extent Plaintiffs now aver that they have not abandoned their warranty claim related to the written statements on Fresh Step's packaging (Opp. at 13 n.7), that warranty claim must fail, as Plaintiffs have not alleged "the exact terms of the warranty," or in fact *any* of the terms of the alleged warranty, as required by California law.  *Nabors v. Google, Inc.*, No. 10-3897, 2011 WL 3861893 at *4 (N.D. Cal. Aug. 30, 2011).

11

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

Present: The Honorable    CHRISTINA A. SNYDER

| RITA SANCHEZ | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Patricia N. Syverson | Rene P. Tatro |
| | Juliet A. Markowitz |

**Proceedings:**    **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FRCP 8(a), 9(b) & 12(b)(6)**

**DEFENDANT'S MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 8/15/2011)

## I.    INTRODUCTION

On May 13, 2011, plaintiff Lorean Barrera ("Plaintiff" or "Barrera") filed the instant putative class action suit in connection with the marketing and sales of defendant Pharmavite's "TripleFlex" dietary supplements. On June 13, 2011, plaintiff filed a first amended class action complaint ("FAC"). The FAC alleges: (1) violation of the Consumers Legal Remedies Act ("CLRA") under California Civil Code §1750 *et seq.*; (2) violation of the Unfair Competition Law ("UCL") under California Business and Professions Code §17200 *et seq.*; and (3) breach of express warranty. FAC. at 1.

On August 12, 2011, Pharmavite filed the instant motions to dismiss and to strike allegations from plaintiff's FAC. Plaintiff opposed the motions on August 26, 2011. Pharmavite replied on September 2, 2011. After carefully considering the arguments of both parties, the Court finds and concludes as follows.

## II.    BACKGROUND

Pharmavite manufactures, markets and sells a line of joint health dietary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

supplements called "TripleFlex," which it promotes as a cure for the major symptoms of arthritis. FAC ¶ 1. On each TripleFlex product label, Pharmavite claims TripleFlex will improve joint "comfort, mobility and flexibility" by "replenishing the body with key nutrients needed for daily maintenance and renewal of your joints." Id. ¶ 3.

Plaintiff alleges that she purchased one of Pharmavite's products because she was deceived by Pharmavite's representations that its products were effective arthritis remedies. Id. ¶ 10. Plaintiff also contends that she and the class members were deceived by defendant because after affirmatively asserting its products would relieve the major symptoms of arthritis, defendant failed to inform plaintiff and the class members that it did not possess competent scientific evidence to support its health benefit claims. Id. ¶ 11. Plaintiff further asserts that she and the class members "have been and others will continue to be deceived or misled by [d]efendant's deceptive representations . . . ." Id. ¶ 33.

## III.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
|---|---|---|---|
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Lack of Substantiation

"Because there is no private remedy for unsubstantiated advertising [under California law], [a] [p]laintiff may bring an action, if at all, only for false or misleading advertising. Thus [a] plaintiff can only maintain [its] action against [a] [d]efendant by pleading facts to support an allegation that [the] [d]efendant's advertising claims are false or misleading." Fraker v. Bayer, 2009 WL 5865687, *8 (E.D. Cal. Oct. 6, 2009).

Pharmavite argues plaintiff's FAC pursuant should be dismissed to Fed. R. Civ. P. 12(b)(6) because plaintiff's claims are premised on a "lack of substantiation" theory. Mot. at 6–11.

Specifically, Pharmavite contends that plaintiff fails to allege Pharmavite's claims about the TripleFlex products are actually false and misleading, but rather merely asserts that Pharmavite's product claims are not substantiated by "competent scientific evidence." Id. at 6–7. Relying on Chavez v. Nestle, 2011 WL 2150128, *5 (C.D. Cal. May 19, 2011), in which this Court dismissed a claim where the plaintiffs failed to allege facts challenging health claims made by a juice distributor, Pharmavite argues plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

granted. Id. at 9. According to Pharmavite, just as in Chavez, "[p]laintiff has not articulated what about [defendant's] [advertising] claim is deceptive beside the fact that it is supposedly unsubstantiated." Id.

Plaintiff responds that Pharmavite recasts her case as a "lack of substantiation case" when in reality if "read as a whole Plaintiff does plead that the advertising statements are 'false or misleading.'" Opp. at 7. Plaintiff cites such contentions in her FAC as Pharmavites claims are "false, misleading and/or likely to deceive the consuming public" FAC ¶ 61, and Pharmavites claims are "factually baseless." FAC ¶ 21.[1]

The Court finds that while some of the claims in the complaint conclusorily state that Pharmavite's product labels make false and misleading statements, when considered as a whole as it must be for the purposes of a 12(b)(6) motion, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), the complaint primarily alleges the claims on defendant's labels lack substantiation. Among others, the FAC alleges that "defendant represented (and continues to represent) . . . that it had competent scientific evidence to back up these assertions when it did not possess such evidence" ¶ 8, that "[d]efendant failed to inform [p]laintiff . . . that it did not possess competent scientific evidence to support these health benefit claims," ¶ 12, and that "there is no competent scientific evidence that taking glucosamine . . . results in the body metabolizing it . . . ." ¶ 22. As in Chavez, the "primary focus" of the plaintiff's FAC can only be said to be "a supposed lack for substantiation for the advertised attributes" of Pharmavite's products.

---

[1] Additionally, plaintiff cites a number of cases which she claims demonstrate her claims are not improper lack of substantiation claims. Opp. at 8–10. However, the Court finds these cases distinguishable, and that rather than prove plaintiff's claims are valid, these cases suggest just the opposite. For example, plaintiff relies substantially on Rikos v. Proctor & Gamble Co., No. 1:11-cv-226, 2011 WL 1707209 (S.D. Ohio 2011) in which the court declined to find the plaintiff's claims were premised on a lack of substantiation theory even though the plaintiff's complaint alleged defendant's claims lacked scientific evidence. The key difference between the Rikos case and the present matter however, is that in Rikos the defendant's advertisements claimed defendant's products had "clinically proven" health benefits. Here, Pharmavite has made no such claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-04153 CAS | Date | September 19, 2011 |
| Title | LOREAN BARRERA v. PHARMAVITE, LLC | | |

2011 WL 2150128 at *5.[2]

 Accordingly, the Court DISMISSES plaintiffs' complaint without prejudice.

**V.**  **CONCLUSION**

 In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss without prejudice. Plaintiff shall have **twenty (20)** days from the date of this order to file an amended complaint.

 IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | RS | | |

---

 [2] Because the Court finds plaintiff's claims are premised on an improper "lack of substantiation" theory, the Court declines to address Pharmavite's other arguments or its motion to strike. However, the Court finds without merit Pharmavite's contention that plaintiff's knowledge of Pharmavite's alleged misconduct would bar plaintiff from seeking an injunction in the context of a class action. See Chavez, 2011 WL 2150128 at *6.