ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
       – and –
STUART A. DAVIDSON (*Pro Hac Vice*)
MARK DEARMAN (*Pro Hac Vice*)
KATHLEEN BARBER
BAILIE L. HEIKKINEN
CHRISTOPHER C. MARTINS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
kbarber@rgrdlaw.com
bheikkinen@rgrdlaw.com
cmartins@rgrdlaw.com

LABATON SUCHAROW LLP
GREGORY S. ASCIOLLA
ROBIN A. VAN DER MEULEN
140 Broadway
New York, NY  10005
Telephone: 212/907-0700
212/818-0477 (fax)
gasciolla@labaton.com
rvandermeulen@labaton.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CLOROX CONSUMER LITIGATION | )  Master File No. 12-cv-00280-SC |
| | ) |
| | )  CLASS ACTION |
| This Document Relates To: | ) |
| | )  THIRD AMENDED CONSOLIDATED |
| ALL ACTIONS. | )  CLASS ACTION COMPLAINT |
| | ) |

Plaintiffs Megan Sterritt, Kristin Luszcz, Lori Kowalewski, Tina Butler-Furr, Catherine Lenz, Susan Doyle, and Jose Segarra (collectively, "Plaintiffs"), by their undersigned attorneys, on behalf of themselves and all others similarly situated (the "Class," as defined below), based on personal knowledge as to themselves and upon information and belief as to all other matters, bring this class action against The Clorox Company ("Clorox" or "Defendant") and, for their Third Amended Consolidated Class Action Complaint, allege as follows:

### NATURE OF THE ACTION

1.      Through an extensive, nationwide marketing and advertising campaign, Clorox has conveyed two clear messages: (1) Clorox's Fresh Step cat litter ("Fresh Step" or "Product") is more effective at eliminating cat odors than other cat litters because, unlike other cat litters, Fresh Step contains carbon; and (2) cats "choose" Fresh Step over other cat litters due to its purported ability to eliminate odors.[1]  These messages are, in fact, false, misleading, and likely to deceive a reasonable consumer.  Specifically, Clorox's Fresh Step cat litter is not more effective at eliminating odors than other cat litters, and cats do not "choose" Fresh Step over other cat litters.  To be sure, scientific studies prove the exact opposite.[2]

2.      Clorox's claims that Fresh Step is superior to other cat litters is premised on its demonstrably false assertion that carbon-based cat litter is more effective at eliminating odors than other cat litters, including those that contain other odor-eliminating ingredients, such as baking soda. This, as Clorox is aware, is simply not true.

3.      To begin, Clorox features prominently on the front of its packaging a logo that states that Fresh Step has odor eliminating carbon:

---

[1]      In light of the Court's Order Granting In Part and Denying In Part Motion To Dismiss [D.E. 55, ¶¶13, 22], Plaintiffs will not be pursuing, but expressly preserve for appeal, any cause of action in this Third Amended Consolidated Class Action Complaint to the extent it is predicated on Clorox's advertising messages that cats "like" or "are smart enough to choose Fresh Step," as such claims were dismissed with prejudice.

[2]      All references to "Fresh Step" or "Product" shall include all Clorox carbon-based cat litters.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1
2
3
4
5
6
7



8    4.    Further, despite the falsity of the superiority claims, Clorox also boasts about Fresh

9  Step's superiority directly on the packaging.  Specifically, Fresh Step packaging includes claims that

10  it works better to eliminate odors than the leading litters.  In addition, the packaging states that these

11  superiority claims are based on lab tests to convey a scientific basis for its superiority claims to a

12  reasonable consumer.

13    5.    Below are examples of packaging which contain these false superiority claims:

14



15
16
17
18
19
20
21
22
23
24
25
26
27

28  THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
    12-cv-00280-SC

6.     Clorox also boasts about the purported "superiority" of the odor-eliminating capabilities of carbon throughout its television advertising campaign.  For example, since early fall of 2010, Clorox televised a series of commercials proclaiming the superior odor-eliminating properties of the carbon contained in its Fresh Step cat litter.  These commercials even went so far as to portray cats "choosing" Fresh Step litter over other cat litters because of the "superior" odor-eliminating carbon contained in it.   To illustrate further, one of Clorox's initial commercials portrayed multiple cats being presented with a choice between carbon-based Fresh Step or a baking soda-based cat litter, and choosing Fresh Step.  In the commercial, cats first sniffed the baking soda-based cat litter box before stepping into it and then quickly stepping out of that litter box in favor of a nearby litter box filled with Clorox's carbon-based Fresh Step cat litter, while a voiceover narrated: "cats like boxes . . . with Fresh Step litter inside.  ***That's because Fresh Step's Scoopable litter with carbon is better at eliminating odor***.  . . . Cats know what they like." (emphasis added).

7.     Likewise, a more recent Clorox commercial portrayed two laboratory beakers allegedly demonstrating that the odor-eliminating properties of carbon-based Fresh Step are superior to baking soda based litter.  Consistent with Clorox's aforementioned "cats choose Fresh Step" marketing message, a voiceover in this commercial stated that "cats are smart" and "smart enough to choose the litter with less odors . . . so we make Fresh Step Scoopable litter with carbon, ***which is more effective at absorbing odors than baking soda***." (emphasis added).

8.     Put simply, Clorox's marketing and advertising campaign is purposefully designed to cause consumers to buy Fresh Step over other brands of cat litter by claiming that Fresh Step's carbon-based litter is more effective at eliminating odor than competitors' cat litter which contain other ingredients, such as baking soda, and because cats themselves "choose" Fresh Step.

9.     The truth, however, is that Clorox's superiority representations are demonstrably false, misleading, and likely to deceive a reasonable consumer.  Indeed, as scientific studies have shown, carbon-based cat litter is not superior to other cat litters as far as odor elimination is concerned, and moreover, cats do not "choose" Fresh Step cat litter over other baking soda based cat litters.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

10. Based directly on the materially false and misleading misrepresentations conveyed by Clorox's advertising and marketing campaign, Clorox has charged consumers a significant premium for Fresh Step. Indeed, according to Wal-Mart's website, a 25-pound box of Clorox's Fresh Step costs $10.77, or $.43 per pound, while a 25-pound box of Clorox's Scoop Away cat litter brand (which does not contain odor-eliminating carbon) costs $9.37, or $.37 per pound. Moreover, a 20-pound[3] box of Arm & Hammer's Super Scoop, a baking soda-based litter, costs $7.88, or $.39 per pound.

11. Clorox's deceptive marketing and advertising campaign has proven to be successful. According to Clorox's most recent Form 10-K for the fiscal year ending on June 30, 2011, Clorox attributed "increased shipments of Fresh Step cat litter" to "promotional activities" and "increased merchandising events."

12. Plaintiffs bring this action on behalf of themselves and other similarly situated consumers who purchased Fresh Step, seeking to stop the dissemination of Clorox's false, deceptive, and misleading advertising, correct the false and misleading perception Clorox has created in the minds of consumers, and to obtain monetary redress for those who have purchased Fresh Step. Herein, Plaintiffs allege violation of California's consumer protection and false advertising statutes, and California common law claims of breach of express warranty and unjust enrichment. In the alternative, Plaintiffs separately allege violations of the consumer protection statutes and common laws of the states of California, Florida, New York, New Jersey, and Texas.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000. The total number of members of the proposed Class is greater than 100.

---

[3] *See* www.walmart.com (last visited Jan. 12, 2012).

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

14.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because Clorox's principal place of business is located within the Northern District of California at 1221 Broadway, Oakland, California 94612, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

15.    The misrepresentations and unfair business practices forming the basis of the claims of Plaintiffs and the Class emanated from California because: (a) Clorox's principal place of business is located in California; (b) Clorox manufactures Fresh Step in California; (c) Clorox regularly conducts business in California; (d) the significant decisions regarding the content and distribution of the marketing and advertising at issue occurred in California; and (e) a significant number of Class members are located in California.

16.    Furthermore, Clorox's conduct has included the systematic and continuing practice of disseminating false and misleading information throughout the United States, emanating from California, via pervasive commercial advertising, which was intended to induce unsuspecting consumers, including Plaintiffs and the members of the Class, into purchasing the more expensive Fresh Step, which does not have the benefits that Defendant represents, although those purported benefits serve as the basis for consumers' decision to purchase Fresh Step as opposed to other cat litter brands.

## PARTIES

17.    At all times relevant to this matter, Plaintiff Megan Sterritt ("Sterritt") was a citizen of and continues to be a citizen of Florida.  During the class period, Sterritt was exposed to and saw Clorox's marketing and advertising claims in Florida, purchased Fresh Step in Florida based on those claims, and suffered injury in fact because of the unfair and deceptive trade practices described herein.  Sterritt did not receive the benefit of her bargain in each purchase of Fresh Step. Furthermore, Sterritt paid a price premium for each purchase of Fresh Step, which she would not have paid if she were aware of Defendant's deception alleged herein.

18.    At all times relevant to this matter, Plaintiff Kristin Luszcz ("Luszcz") was a citizen of and continues to be a citizen of New York.  During the class period, Luszcz was exposed to and

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1  saw Clorox's marketing and advertising claims in New York, purchased Fresh Step in New York

2  based on those claims, and suffered injury in fact because of the unfair and deceptive trade practices

3  described herein.  Luszcz did not receive the benefit of her bargain in each purchase of Fresh Step.

4  Furthermore, Luszcz paid a price premium for each purchase of Fresh Step, which she would not

5  have paid if she were aware of Defendant's deception alleged herein.

6    19.    At all times relevant to this matter, Plaintiff Lori Kowalewski ("Kowalewski") was a

7  citizen of and continues to be a citizen of New Jersey.  During the class period, Kowalewski was

8  exposed to and saw Clorox's marketing and advertising claims in New Jersey, purchased Fresh Step

9  in New Jersey based on those claims, and suffered injury in fact because of the unfair and deceptive

10  trade practices described herein.  Kowalewski did not receive the benefit of her bargain in each

11  purchase of Fresh Step.  Furthermore, Kowalewski paid a price premium for each purchase of Fresh

12  Step, which she would not have paid if she were aware of Defendant's deception alleged herein.

13    20.    At all times relevant to this matter, Plaintiff Tina Butler-Furr ("Butler-Furr") was a

14  citizen of and continues to be a citizen of Texas.  During the class period, Butler-Furr was exposed

15  to and saw Clorox's marketing and advertising claims in Texas, purchased Fresh Step in Texas based

16  on those claims, and suffered injury in fact because of the unfair and deceptive trade practices

17  described herein.  Butler-Furr did not receive the benefit of her bargain in each purchase of Fresh

18  Step.  Furthermore, Butler-Furr paid a price premium for each purchase of Fresh Step, which she

19  would not have paid if she were aware of Defendant's deception alleged herein.

20    21.    At all times relevant to this matter, Plaintiff Catherine Lenz ("Lenz") was a citizen of

21  and continues to be a citizen of Texas.  During the class period, Lenz was exposed to and saw

22  Clorox's marketing and advertising claims in Texas, purchased Fresh Step in Texas based on those

23  claims, and suffered injury in fact because of the unfair and deceptive trade practices described

24  herein.  Lenz did not receive the benefit of her bargain in each purchase of Fresh Step.  Furthermore,

25  Lenz paid a price premium for each purchase of Fresh Step, which she would not have paid if she

26  were aware of Defendant's deception alleged herein.

27

28  THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1   22. At all times relevant to this matter, Plaintiff Susan Doyle ("Doyle") was a citizen of

2 and continues to be a citizen of California.  During the class period, Doyle was exposed to and saw

3 Clorox's marketing and advertising claims in California, purchased Fresh Step in California based

4 on those claims, and suffered injury in fact because of the unfair and deceptive trade practices

5 described herein.  Doyle did not receive the benefit of her bargain in each purchase of Fresh Step.

6 Furthermore, Doyle paid a price premium for each purchase of Fresh Step, which she would not

7 have paid if she were aware of Defendant's deception alleged herein.

8   23. At all times relevant to this matter, Plaintiff Jose Segarra ("Segarra") was a citizen of

9 and continues to be a citizen of Florida.  During the class period, Segarra was exposed to and saw

10 Clorox's marketing and advertising claims in Florida, purchased Fresh Step in Florida based on

11 those claims, and suffered injury in fact because of the unfair and deceptive trade practices described

12 herein.  Segarra did not receive the benefit of his bargain in each purchase of Fresh Step.

13 Furthermore, Segarra paid a price premium for each purchase of Fresh Step, which he would not

14 have paid if he were aware of Defendant's deception alleged herein.

15   24. Clorox is incorporated in the State of Delaware and is headquartered in Oakland,

16 California.  Clorox is registered to do business in the State of California, and regularly conducts

17 business in the State of California.  Clorox is a leading manufacturer and marketer of consumer and

18 institutional products with approximately 8,100 employees worldwide and has net sales of $5.2

19 billion for the fiscal year 2011.  Clorox sells its products primarily through mass merchandisers,

20 grocery stores, and other retail outlets.  Clorox markets some of consumers' most trusted and

21 recognized brand names, including Fresh Step, to consumers throughout the United States, including

22 tens of thousands of consumers in the State of California.

23           **FACTUAL ALLEGATIONS**

24 **Cat Litter and the Significance of Odor Elimination**

25   25. A litter box is an indoor feces and urine disposal receptacle for indoor cats that

26 cannot, or do not, relieve themselves outdoors.  In the wild, cats naturally excrete in soft or sandy

27 soil for easy burial.  To simulate this instinctive behavior, a litter box is filled with a soft, sand-like

28

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

substance known as "litter."  While at one time cat owners preferred their cats to roam outside, most contemporary cat owners prefer to keep their cats indoors, as their cats may become sick, injured, or lost while roaming outdoors.  Accordingly, the cat litter industry is a huge market.  Indeed, in 2010, it was reported that the cat litter market totaled $1.8 billion.

26.     In the majority of these indoor-cat households, the litter box is located inside the residence.  Cat waste, however, has an extremely strong and unpleasant odor, thus, eliminating odor is a major concern for indoor-cat owners.  Accordingly, odor-control is a major marketing hook for cat litter manufacturers, whose advertising frequently focuses on reducing or eliminating odor.

27.     Cat litter reduces odors through one or more of the following methods: (1) the litter clumps when it comes into contact with urine; (2) fragrances contained in the litter may mask cat waste odors; (3) additional substances in the litter may either reduce the human perception of bad odors or react with the odors to reduce their odor-like properties; and/or (4) odor-fighting additives, like carbon or baking soda, neutralize and/or absorb odors.  With respect to neutralization, a chemical process occurs to eliminate the odor molecule.  Absorption is a process by which a substance binds odors to its surface, preventing the odor from entering the surrounding air.

**Clorox's Cat Litter and the Fresh Step Advertising Campaign**

28.     Clorox is one of the leading manufacturers of cat litter in the United States.

29.     In 1984, Clorox began producing Fresh Step.  According to its website, Fresh Step prides itself on being the "only litter that contains carbon."[4]

30.     Even though it is a leading manufacturer of cat litter, Clorox's market share began to decline.  In response, beginning in fall 2010, Clorox began a two-fold marketing and advertising campaign via television, claiming that: (1) Fresh Step cat litter is more effective at eliminating cat odors than other cat litters based on the carbon contained in the Product; and (2) that as a result of the carbon in the Product, cats actually "choose" Fresh Step over other cat litters.  These superiority

---

[4]     *See* http://www.freshstep.com/ourdifference.php (last visited Jan. 12, 2012).

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1   claims went far beyond merely promoting the odor-eliminating capabilities of carbon.  Instead, they

2   are false, misleading, and likely to deceive a reasonable consumer.

3        31.    Beginning in late 2009, Clorox also made changes to its packaging to emphasize that

4   it contained carbon for maximum odor control.  In addition, Clorox added claims to the packaging

5   that expressly stated that Fresh Step works better to control odors than other leading litters and that

6   this claim was based on lab tests.

7        32.    Specifically, Fresh Step packaging contained the following two claims:  (1) "Better

8   odor control than the leading unscented litter!*"[5]; and (2) "This patented formula is just as clean and

9   safe for use by your cat as the other Fresh Step® litters and works better to eliminate odors than the

10  leading scented scoopable litter.*"  In both cases, the asterisk is defined as based on lab tests.

11       33.    Clorox's advertising campaign also consisted of multiple television commercials,

12  including visuals, voiceovers, and demonstrations, representing the purported superiority of Fresh

13  Step litter in eliminating odor, as well as cats' preference towards Fresh Step litter because of its

14  carbon content, as opposed to other, purportedly "inferior" odor-eliminating ingredients, such as

15  baking soda.

16       34.    Clorox first began airing its false, misleading, and deceptive commercials around

17  October 2010 (the "First Commercials").  One commercial, for example, overtly stated that cats

18  prefer Fresh Step over other litters, because cats "know" Fresh Step is better at eliminating odors

19  than Arm & Hammer Super Scoop:

20

21

22

23

24

25

---

26  [5]    The term scented is sometimes substituted for unscented or natural depending on the
27  particular Fresh Step variety.

28  THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
    12-cv-00280-SC

1
2
3
4
5
6



(MUSIC IN)  MALE ANNCR:  Cats like boxes.

\*        \*        \*

7
8
9
10
11



And ones with Fresh Step

12
13
14
15



litter inside.

16
17
18
19



That's because Fresh Step's

20
21
22
23



scoopable litter with carbon

24
25
26
27
28



is better at eliminating odors than

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1
2
3
4
5
6
7
8
9
10



Arm & Hammer Super Scoop.



Fresh Step.  Cats know what they like.

11
12  The full storyboard of Clorox's October 4, 2010 commercial is attached hereto as Exhibit "A".

13    35.    Defendant aired multiple other TV commercials that echoed these same verbal and

14  visual messages, showing cats consistently "choosing" Fresh Step over other, carbonless brands.

15  The storyboards for Clorox's December 27, 2010 and January 3, 2011 commercials are attached

16  hereto as Exhibits "B" and "C," respectively.

17    36.    In February 2011, Clorox launched a new false, deceptive, and misleading advertising

18  and marketing campaign (the "Second Commercials"), which continued to depict cats' purported

19  preference towards Fresh Step litter, but in addition, the new commercials expressly stated that

20  "Fresh Step Scoopable litter with carbon . . . *is more effective at absorbing odors than baking*

21  *soda*." (emphasis added).

22    37.    One of the Second Commercials showed two laboratory beakers, one filled with a

23  black substance labeled "carbon" and the other filled with a white substance labeled "baking soda."

24  Green gas was then shown floating through the beakers; the green gas in the Fresh Step beaker

25  rapidly dissipated, while the gas in the baking soda beaker barely dissipated.  During this "scientific"

26  demonstration, a voiceover stated: "That's why Fresh Step Scoopable has carbon, which is more

27  effective at absorbing odors than baking soda."

28

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1      38.    The content of this commercial is depicted in the following storyboard:



We get cats.



They're into the royal treatment.



So they deserve the smartest choice in litter.



That's why Fresh Step Scoopable has
carbon, which is more effective at
absorbing odors than baking soda.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC



The full storyboard of Clorox's February 21, 2011 commercial above, and a similar February 14, 2011 commercial, are attached as Exhibits "D" and "E," respectively.

39.    The superiority representations made in Clorox's commercials described above are demonstrably false, misleading, and likely to deceive a reasonable consumer because, in fact: (1) Fresh Step's carbon-containing cat litter is not more effective at eliminating cat odors than other cat litters; and (2) cats do not "choose" Fresh Step over other cat litters.

40.    Because of this false, misleading, and deceptive marketing campaign, Clorox has profited and continues to profit as consumers have been deceived by Clorox into believing they purchased a cat litter that has better odor eliminating abilities than its competitors and is preferred by cats, thus justifying a price premium for this deceptively advertised product.

41.    There is no other reason for a reasonable consumer to pay a premium for Fresh Step other than as a result of Defendant's "carbon-superiority" claims.

**Testing Demonstrates that Clorox's Representations Do Not Pass the Smell Test**

42.    In response to Clorox's First Commercials, which represented, among other things, that cats "prefer" Fresh Step carbon-based cat litter over baking soda-based cat litter, Church & Dwight ("C&D"), the creator of Arm & Hammer's baking soda based cat litter, Super Scoop, commissioned a study to determine the actual frequency with which cats would reject either litter when used in the cat's litter box (the "C&D Study").

43.    The results of the C&D Study conclusively prove that cats do not reject baking soda based cat litter more than they reject carbon-based cat litter. In fact, the C&D study proves just the opposite, that cats reject Defendant's carbon-based Fresh Step more often than Arm & Hammer's

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1    baking soda based Super Scoop.  Indeed, less than 4% of the cats involved in the study rejected their

2    litter box and relieved themselves elsewhere in the home when the litter box was filled with C&D's

3    Super Scoop cat litter, while slightly more than 5% of the cats involved in the study rejected their

4    litter box when the litter box was filled with Clorox's Fresh Step cat litter.

5          44.     Accordingly, Clorox's claim that cats "choose" or prefer Fresh Step is false and

6    misleading, as the results of C&D's Study demonstrate that cats do not prefer carbon-based Fresh

7    Step to baking soda based Super Scoop.

8          45.     In response to Clorox's Second Commercials, which expressly represented, among

9    other things, that Clorox's carbon-containing Fresh Step cat litter is more effective at eliminating

10    odors than other cat litters, C&D commissioned an independent study to run a sensory laboratory test

11    to compare the cat waste odor elimination performance of Fresh Step with carbon to one of Arm &

12    Hammer's cat litters with baking soda, Double Duty (the "Independent Study").

13          46.     In the Independent Study, panelists were asked to rate the odor emanating from two

14    litter boxes, one filled with Fresh Step and one filled with Double Duty, over the course of 10 days.

15    On every single day of the 10-day study, the panelists' average odor rating for C&D's Double Duty

16    cat litter with baking soda was lower than the average odor rating for Clorox's Fresh Step carbon-

17    based cat litter.  These results clearly demonstrate that Arm & Hammer's cat litter was significantly

18    superior to Fresh Step at the 95% confidence level in terms of cat waste odor elimination overall.

19          47.     The results of the Independent Study demonstrate that Clorox's Second Commercials

20    contain false, misleading, and deceptive claims regarding Fresh Step's purported superiority.

21    Indeed, contrary to Clorox's claim, its Fresh Step cat litter is not more effective at eliminating odors

22    than other cat litters.

23    **A Competitor Successfully Challenges Clorox's Superiority Claims**

24          48.     In response to the First Commercials, C&D filed a lawsuit against Clorox alleging

25    that Clorox's claims that Fresh Step has superior odor-eliminating capabilities and that cats prefer

26    carbon-based Fresh Step to baking soda based Super Scoop were false and misleading.  As a result,

27

28    THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
        12-cv-00280-SC

1    Clorox immediately ceased airing the First Commercials, and C&D dismissed their case without

2    prejudice.

3           49.     C&D reacted to the Second Commercials by filing another lawsuit in March 2011,

4    alleging that Clorox's representations that Fresh Step cat litter products with carbon are superior to

5    Arm & Hammer cat litter products with baking soda at eliminating cat waste odor were false and

6    misleading and deceptive to consumers.  C&D sought to enjoin Clorox from making these false

7    claims about Fresh Step, and brought claims against Clorox under the Lanham Act, New York's

8    General Business Law, and unfair competition under New York common law, among others.

9           50.     On January 4, 2012, Judge Jed S. Rakoff, United States District Court for the

10   Southern District of New York, entered an Opinion and Order enjoining Clorox from airing the

11   commercials portraying the beaker test, finding Clorox's claims about the odor elimination abilities

12   of carbon as compared to baking soda were "literally false."

13          51.     In his opinion, Judge Rakoff held:

14          In short, because the Jar Test on which Clorox based its claims is unreliable and,
            even if it were reliable could not possibly support Clorox's implied claims about the
15          relative merits of carbon and baking soda in cat litter, the Court finds Clorox's claims
            are literally false.
16
                                    *       *       *
17
            Put simply, Clorox, cloaking itself in the authority of "a lab test," made literally false
18          claims going to the heart of one of the main reasons for purchasing cat litter.  In such
            circumstances, where the misrepresentation is so plainly material on its face, no
19          detailed study of consumer reactions is necessary to conclude inferentially that
            Clorox is likely to divert customers from C&D's products to its own unless the
20          offending commercial is enjoined.

21          52.     Despite Judge Rakoff's Order, Clorox continues to profit from its false and deceptive

22   marketing campaign based on the purported "superiority" of carbon-based cat litter.  Purchasers of

23   Fresh Step have been deceived by Clorox into believing that they purchased a product that had better

24   odor eliminating abilities than its competitors and was preferred by cats, paying a price premium for

25   this deceptively advertised product.

26          53.     Purchasers of Fresh Step would not have paid a premium for the Product but for

27   Defendant's "carbon-superiority" claims.

28   THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
     12-cv-00280-SC

1    54.    Plaintiffs seek to recover damages on behalf of themselves and the Class either in an

2    amount equal to the unlawful price premium Plaintiffs and the members of the Class paid for Fresh

3    Step, or alternatively, for the entire purchase price Plaintiffs and the Class paid for Defendant's

4    deceptively advertised product.  Plaintiffs also seek other damages, as well as equitable and

5    injunctive relief, as further described herein.

6                              **CLASS ACTION ALLEGATIONS**

7    55.    Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure 23(a)

8    and 23(b)(2) and (b)(3) on behalf of a Class defined as:

9    56.    All persons or entities that purchased Fresh Step cat litter in the United States during

10   the period between October 2010 and the date of the final disposition of this action.

11   57.    Plaintiff Susan Doyle (the "California Plaintiff") also brings this action, pursuant to

12   Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in the United States

13   during the period between October 2010 and the date of the final disposition of this action (the

14   "California Subclass").

15   58.    Plaintiffs Megan Sterrit and Jose Segarra (the "Florida Plaintiffs") also bring this

16   action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in

17   the United States during the period between October 2010 and the date of the final disposition of this

18   action (the "Florida Subclass").

19   59.    Plaintiff Kristin Luszcz (the "New York Plaintiff") brings this action, pursuant to

20   Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in State of New York

21   during the period between October 2010 and the date of the final disposition of this action (the "New

22   York Subclass").

23   60.    Plaintiffs Lori Kowalewski and Catherine Lenz (the "New Jersey Plaintiffs") also

24   bring this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step

25   cat litter in the United States during the period between October 2010 and the date of the final

26   disposition of this action (the "New Jersey Subclass").

27

28   THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
     12-cv-00280-SC

61.     Plaintiff Tina Butler-Furr (the "Texas Plaintiff") also brings this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in the United States during the period between October 2010 and the date of the final disposition of this action (the "Texas Subclass").

62.     The Subclasses described in paragraphs 53 to 57 are collectively referred to herein as the "Subclasses."

63.     Subject to additional information obtained through further investigation and discovery, the foregoing definitions may be expanded or narrowed by amendment or amended consolidated complaint.

64.     The Class and Subclasses exclude Clorox and any entity in which Clorox has a controlling interest, as well as its officers, directors, legal representatives, successors, and assigns.

65.     The claims asserted herein are applicable to all individuals throughout the United States who purchased Fresh Step cat litter.  The State of California has sufficient state interest through a significant contact or aggregation of contacts to the claims asserted by each member of the Class and Subclasses so that the choice of California law is not arbitrary or unfair.

66.     There is a well-defined community of interest among members of the Class and Subclasses, and the disposition of the claims of these members of the Class and Subclasses in a single action will provide substantial benefits to all parties and to the Court.

67.     Notice can be provided to the members of the Class and Subclasses through publication, or otherwise, using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

68.     The Class members and Subclasses are so numerous that joinder of all Class and Subclasses members are impracticable.  At this time, Plaintiffs are informed and believe that the Class and Subclasses include thousands of members.  Therefore, the Class and Subclasses are sufficiently numerous that joinder of all members of the Class and Subclasses in a single action is impracticable under Federal Rule of Civil Procedure 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1    69.    Plaintiffs' claims are typical of the claims of the Class and Subclass members whom

2    they seek to represent because Plaintiffs and Subclasses and each member of the Class and

3    Subclasses have been subjected to the same deceptive and improper practices by Clorox and have

4    been damaged in the same manner.

5    70.    Plaintiffs' classes will fairly and adequately represent and protect the interests of the

6    Class members and Subclasses as required by Federal Rule of Civil Procedure 23(a)(4).  Plaintiffs

7    have no interests that are adverse to those of the members of the Class that they seek to represent.

8    Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have

9    retained counsel who are competent and experienced in handling complex class action litigation on

10   behalf of consumers.

11   71.    A class action is superior to all other available methods of the fair and efficient

12   adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3)

13   because:

14          (a)    The expense and burden of individual litigation would not be economically

15   feasible for members of the Class and Subclasses to seek to redress their "negative value" claims

16   other than through the procedure of a class action; and

17          (b)    If separate actions were brought by individual members of the Class and

18   Subclasses, the resulting multiplicity of lawsuits would cause members to seek to redress their

19   "negative value" claims other than through the procedure of a class action.

20   72.    Absent a class action, Clorox likely would retain the benefits of its wrongdoing, and

21   there would be a failure of justice.

22   73.    Common questions of law and fact exist as to all Class and Subclass members and

23   predominate over questions affecting only individual Class and Subclass members.  Common legal

24   and factual questions include, but are not limited to:

25          (a)    Whether Clorox's claims are true, misleading, or likely to deceive a

26   reasonable consumer;

27          (b)    Whether Clorox engaged in false or deceptive advertising;

28   THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
     12-cv-00280-SC

1           (c)     Whether Clorox knew that its representations were false, misleading and

2 reasonably likely to deceive but continued to disseminate them;

3           (d)     Whether Clorox violated the Consumers Legal Remedies Act, California Civil

4 Code §1750, *et seq.*;

5           (e)     Whether Clorox violated the Unfair Competition Law, California Business

6 and Professions Code §17200, *et seq.*;

7           (f)     Whether Clorox violated the False Advertising Law, California Business and

8 Professions Code §17500, *et seq.*;

9           (g)     Whether Clorox violated the various state consumer protection laws as set

10 forth herein;

11           (h)     Whether Clorox breached an express warranty to Plaintiffs and the Class and

12 Subclasses;

13           (i)     Whether Clorox was unjustly enriched by its acts complained of herein;

14           (j)     Whether Plaintiffs and the Class and Subclasses have sustained monetary loss

15 and the proper measure of that loss;

16           (k)     Whether Plaintiffs and the Class and Subclasses are entitled to punitive

17 damages; and

18           (l)     Whether Plaintiffs and the Class and Subclasses are entitled to declaratory and

19 injunctive relief.

20     74.    Certification of the Class and Subclasses under the laws of California is appropriate

21 because:

22           (a)     Clorox is a corporation conducting substantial business in and from

23 California;

24           (b)     Clorox's principle place of business and corporate headquarters are located in

25 California;

26           (c)     Decisions regarding Fresh Step representations were made in California;

27

28 THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1    (d)    Clorox's marketing, promotional activities and literature, as well as their

2    warranties, were coordinated at, emanated from and/or were developed at Clorox's California

3    headquarters; and

4    (e)    A significant number of Class members reside in the State of California.

5    75.    However, in the event that California substantive law is found not to apply to

6    Plaintiffs' claims, Plaintiffs seek certification, in the alternative, of the Subclasses.

7    76.    Plaintiffs are not aware of any difficulty that will be encountered in the management

8    of this litigation, which should preclude its maintenance as a class action.

9    **COUNT I**

10    **Violation of the Consumers Legal Remedies Act**
**California Civil Code §1750, *et seq.***

11

12    77.    Plaintiffs and the Class and/or California Subclass incorporate by reference the

13    allegations in paragraphs 1 through 76 as if fully set forth herein.

14    78.    This cause of action is brought pursuant to the Consumers Legal Remedies Act,

15    California Civil Code §1750, *et seq.* (the "CLRA").  Plaintiffs are consumers as defined by

16    California Civil Code §1761(d).  Fresh Step cat litter is a good within the meaning of the California

17    Act.

18    79.    Clorox violated the CLRA by engaging in the following practices proscribed by

19    California Civil Code §1770(a) in transactions with Plaintiffs and the Class and/or California

20    Subclass which were intended to result in, and did result in, the sale of Fresh Step cat litter:

21    (a)    Representing that Fresh Step has characteristics and benefits which it does not

22    have;

23    (b)    Disparaging the goods, services, or business of another by false or misleading

24    representation of fact;

25    (c)    Representing that Fresh Step is of a particular standard, quality or grade,

26    which it is not;

27    (d)    Advertising Fresh Step with intent not to sell it as advertised; and

28    THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1      (e)     Representing Fresh Step has been supplied in accordance with a previous

2  representation when it has not.

3      80.     Clorox violated the CLRA by representing through its advertisements of the product

4  as described above when it knew, or should have known, that the representations and advertisements

5  were unsubstantiated, false and misleading.

6      81.     Pursuant to California Civil Code §1782(d), Plaintiffs seek a Court order enjoining

7  the above-described wrongful acts and practices of Clorox and for restitution and disgorgement.

8      82.     Pursuant to §1782 of the CLRA, on January 23, 2012, counsel for Plaintiff Luszcz

9  sent a notice and demand letter by certified mail to Clorox's Chief Executive Officer, Donald K.

10  Knauss.  *See* Demand Letter, attached hereto as Exhibit "F."  Counsel for Luszcz provided Clorox

11  with 30 days from the date of the Luszcz complaint to rectify or agree to rectify the issues addressed

12  in her complaint, after which she reserved the right to amend her complaint to seek damages, as

13  appropriate.  The requisite 30 days have expired, and Clorox has not rectified the issues in Luszcz's

14  complaint.  Plaintiffs therefore seek damages in this Second Amended Consolidated Class Action

15  Complaint.

16                          **COUNT II**

17                  **Violation of the Unfair Competition Law**
                **California Business and Professions Code §17200, *et seq.***

18

19      83.     Plaintiffs and the Class and/or California Subclass incorporate by reference the

20  allegations in paragraphs 1 through 76 as though fully set forth herein.

21      84.     California Business and Professions Code §17200 also prohibits any "unlawful…

22  business act or practice."  Clorox violated §17200's prohibition against engaging in unlawful acts

23  and practices by, *inter alia*, making the representations and omissions of material facts, as set forth

24  more fully herein, and violating California Civil Code §§1572, 1573, 1709, 1710, 1711, 1770,

25  Business & Professions Code §17200, *et seq.*, and the common law.

26      85.     Plaintiffs reserve the right to allege other violations of law, which constitute other

27  unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

28  THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
   12-cv-00280-SC

1   86. California Business & Professions Code §17200 also prohibits any "unfair or

2 fraudulent business act or practice."

3   87. Clorox's acts, omissions, misrepresentations, practices and non-disclosures alleged

4 herein also constitute "unfair" business acts and practices within the meaning of California Business

5 & Professions Code §17200, *et seq.* in that its conduct is substantially injurious to consumers,

6 offends public policy, and is unethical, oppressive, and unscrupulous as the gravity of the conduct

7 outweighs any alleged benefits attributable to such conduct.

8   88. As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair

9 competition and truth in advertising laws in California resulting in harm to consumers. Plaintiffs

10 assert violations of the public policy of engaging in false and misleading advertising, unfair

11 competition and deceptive conduct towards consumers. This conduct constitutes violations of the

12 "unfair prong" of California Business & Professions Code §17200, *et seq.*

13   89. There were reasonably available alternatives to further Clorox's legitimate business

14 interests, other than the conduct described herein.

15   90. Business & Professions Code §17200 also prohibits any "fraudulent business act or

16 practice."

17   91. Clorox's misleading statements, as more fully set forth above, are false, misleading

18 and/or likely to deceive a reasonable consumer within the meaning of California Business &

19 Professions Code §17200.

20   92. Clorox's conduct caused and continues to cause substantial injury to Plaintiffs and the

21 Class and/or California Subclass. Plaintiffs and the Class and/or California Subclass have suffered

22 injury in fact and have lost money as a result of Clorox's unlawful conduct.

23   93. Clorox has thus engaged in unlawful, unfair, and fraudulent business acts and

24 practices. The above-described unlawful, unfair, and fraudulent business acts and practices by

25 Clorox present a threat to the Class and/or California Subclass and the general public.

26   94. Pursuant to California Business and Professions Code §§17203 and 17535, Plaintiffs

27 seek an order disgorging Clorox's ill-gotten gains, awarding Plaintiffs and the Class and/or

28 THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1  California Subclass full restitution of all monies wrongfully acquired by Clorox by means of such

2  acts of unlawful, unfair and fraudulent business acts and practices, plus interest and attorneys' fees

3  pursuant to, *inter alia*, California Code of Civil Procedure §1021.5, so as to restore any and all

4  monies to Plaintiffs and the Class and/or California Subclass, which were acquired and obtained by

5  means of such unlawful, unfair, and fraudulent business acts and practices, and which ill-gotten

6  gains are still retained by Clorox.  Plaintiffs additionally request that such funds be impounded by

7  the Court or that an asset freeze or trust be imposed upon such revenues and profits to avoid

8  dissipation and/or fraudulent transfers or concealment of such monies by Clorox.  Plaintiffs and the

9  Class and/or California Subclass will be irreparably harmed and/or denied an effective and complete

10  remedy if such an order is not granted.

11       95.     Additionally, pursuant to California Business & Professions Code §17203, Plaintiffs

12  seek an order requiring Clorox to engage in a corrective advertising campaign.

13                                   **COUNT III**

14  **False and Misleading Advertising in Violation of California
    Business and Professions Code §§17200 and 17500 *et seq.***

15

16       96.     Plaintiffs and the Class and/or California Subclass incorporate by reference the

   allegations in paragraphs 1 through 76 as though fully set forth herein.

17

18       97.     The misrepresentations by Clorox of the material facts detailed above constitute false

19  and misleading advertising and therefore constitute a violation of, *inter alia*, Business and

   Professions Code §17500, *et seq*.

20

21       98.     Clorox's use of various forms of media to advertise, call attention to, or give publicity

22  to the sale of Fresh Step, which were not as represented, constitutes unfair competition and unfair,

23  deceptive, untrue or misleading advertising within the meaning of California Business and

   Professions code §17500, *et seq.*, which advertisements deceived and continue to deceive the

24  consuming public.

25       99.     Clorox either knew, recklessly disregarded, or reasonably should have known that

26  such advertising was false and/or misleading.  Such conduct also constitutes a violation of Business

27  and Professions Code §17200, *et seq.*

28  THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
    12-cv-00280-SC

1    100.    The above-described unlawful, false, and misleading advertising conducted by Clorox

2    presents a threat to the Class and/or California Subclass and the general public.

3    101.    Pursuant to California Business and Professions Code §§17203 and 17535, Plaintiffs

4    seek an order disgorging Clorox's ill-gotten gains, awarding Plaintiffs and the Class and/or

5    California Subclass full restitution of all monies wrongfully acquired by Clorox by means of such

6    acts of unfair competition and false advertising, plus interest and attorneys' fees pursuant to, *inter*

7    *alia*, California Code of Civil Procedure §1021.5, so as to restore any and all monies to Plaintiffs and

8    the Class and/or California Subclass which were acquired and obtained by means of such unfair

9    competition and false advertising, and which ill-gotten gains are still retained by Clorox.  Plaintiffs

10   additionally request that such funds be impounded by the Court or that an asset freeze or trust be

11   imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or

12   concealment of such monies by Clorox.  Plaintiffs and the Class and California Subclass will be

13   irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**COUNT IV**

**Violations of the Florida Deceptive and Unfair Trade Practices Act,**
**Fla. Stat. §501.201, *et seq.***
(The Florida Plaintiffs and the Florida Subclass)

18   102.    The Florida Plaintiffs and the Florida Subclass reallege and incorporate by reference

19   the allegations contained in paragraphs 1-76 as though fully set forth herein.

20   103.    The Florida Plaintiffs bring this cause of action on behalf of the Florida Subclass in

21   the alternative to all other California law claims in the event the Court finds that California

22   substantive law does not apply to the Florida Plaintiffs' Claims.

23   104.    This cause of action is brought on behalf of the Florida Class pursuant to the Florida

24   Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.* (the "Act").  The stated

25   purpose of the Act is to "protect the consuming public . . . from those who engage in unfair methods

26   of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade

27   or commerce."  Fla. Stat. §501.202(2).

28   THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

105.    Plaintiffs are consumers as defined by Fla. Stat. §501.203.  The Products are goods within the meaning of the Act.  Defendant is engaged in trade or commerce within the meaning of the Act.

106.    Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

107.    Fla. Stat. §501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(1) of the Federal Trade Commission Act."  Defendant's  unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla. Stat. §500.04 and 21 U.S.C. §343.

108.    Defendant has violated the Act by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

109.    The Florida Plaintiffs and the Florida Subclass have been aggrieved by Defendant's unfair and deceptive practices in that they paid for these Products after exposure to the false and misleading advertising.

110.    The damages suffered by the Florida Plaintiffs and the Florida Subclass were directly and proximately caused by the deceptive, misleading and unfair practices of Defendant, as more fully described herein.

111.    Pursuant to Fla. Stat. §501.211(1), the Florida Plaintiffs and the Florida Subclass seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

112.    Additionally, pursuant to Fla. Stat. §§501.211(2) and 501.2105, the Florida Plaintiffs and the Florida Subclass make claims for damages, attorneys' fees and costs.

**COUNT V**

**Misleading Advertising, Florida Statutes §817.41, *et seq.***
**(The Florida Plaintiffs and the Florida Subclass)**

113.    The Florida Plaintiffs and the Florida Subclass reallege and incorporates by reference the allegations contained in paragraphs 1 through 76 as though fully set forth herein.

114.    The Florida Plaintiffs bring this cause of action on behalf of the Florida Subclass in the alternative to all other California law claims in the event the Court finds that California substantive law does not apply to the Florida Plaintiffs' Claims.

115.    This cause of action is brought on behalf of the Florida Plaintiffs and the Florida Subclass pursuant to Fla. Stat. §817.41, *et seq.* (the "Advertising Act"), which makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement." Fla. Stat. §817.41(1).

116.    Fla. Stat. §817.40 defines misleading advertisements as:

> [A]ny statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services. Fla. Stat. §817.40(5).

117.    Defendant has violated the Advertising Act by disseminating misleading advertisements in connection with the unfair and deceptive practices as described herein.

118.    Specifically, Defendant knew that the representations, as set forth above, as to its Products were false, but continued to make these representations in order to profit off of consumers' deception.

119.    In so doing, Defendant disseminated various advertisements to the public, which were false and misleading, knowing that these representations were false.

120.    Thus, Defendant's advertisements constitute misleading advertisements in violation of the Advertising Act.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

121.     The Florida Plaintiffs and the Florida Subclass have been aggrieved by Defendant's unfair and deceptive practices in that they paid for Products and services.

122.     The damages suffered by the Florida Plaintiffs and the Florida Subclass were directly and proximately caused by Defendant's misleading advertisements, as more fully described herein.

123.     Moreover, pursuant to Fla. Stat. §817.41(5), the Florida Plaintiffs and the Florida Subclass seek punitive damages, as well as attorneys' fees and costs.

124.     All conditions precedent to this claim have been waived or satisfied.

**COUNT VI**

**Violations of the Texas Deceptive Trade Practices Act ("DTPA"),
Tex. Bus. & Com. Code Ann. §17.50,** *et seq.*
(The Texas Plaintiffs and the Texas Subclass)

125.     The Texas Plaintiffs incorporate by reference paragraphs 1 through 76 above as though fully set forth herein.

126.     The Texas Plaintiffs bring this cause of action on behalf of the Texas Subclass in the alternative to all other California law claims in the event the Court finds that California substantive law does not apply to the Texas Plaintiffs' Claims.

127.     The Texas Plaintiffs and the Texas Subclass are consumers as defined by the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §17.50, *et seq.* Defendant may be sued under the DTPA.

128.     Defendant engaged in false, misleading, or deceptive acts and practices, and the Texas Plaintiffs and the Texas Subclass relied on Defendant to their detriment.  Defendant engaged in false, misleading, and/or deceptive acts and practices by representing that Fresh Step cat litter had characteristics, uses, and benefits that it did not have.  Defendant further engaged in deceptive trade practices by representing that the Fresh Step cat litter was of a particular standard, quality, or grade that it was not.

129.     Defendant has further violated the DTPA by violating express and implied warranties related to Fresh Step cat litter.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1    130.    Defendant further violated the DTPA by failing to disclose the above referenced

2 information about the Fresh Step litter, which Defendant was aware of at all times pertinent hereto,

3 and Defendant's failure to disclose these material facts was intended to induce the Texas Plaintiffs

4 and the Texas Subclass into purchasing Fresh Step cat litter when they otherwise would not have

5 entered into such transactions if this information had been disclosed.

6    131.    The Texas Plaintiffs and the Texas Subclass relied on Defendant's false statements

7 and omissions to their detriment.

8    132.    Defendant further acted unconscionably by committing acts or practices that to the

9 Texas Plaintiffs and the Texas Subclass' detriments and took advantage of the Texas Plaintiffs and

10 the Texas Subclass' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

11    133.    Defendant's violations of the DTPA were committed knowingly and intentionally.

12                                   **COUNT VII**

13                    **Deceptive Acts and Practices in Violation of**
                              **N.Y. Gen. Bus. Law §349**
14              (The New York Plaintiff and the New York Subclass)

15    134.    The New York Plaintiff and the New York Subclass incorporate by reference

16 paragraphs 1 through 76 above as though fully set forth herein.

17    135.    The New York Plaintiff brings this cause of action on behalf of the New York

18 Subclass in the alternative to all other California law claims in the event the Court finds that

19 California substantive law does not apply to the New York Plaintiffs' claims.

20    136.    Defendant's representations and omissions complained of herein are likely to mislead

21 a reasonable consumer acting reasonably under the circumstances.

22    137.    Thus, Defendant's actions constitute deceptive trade practices within the meaning of

23 N.Y. Gen. Bus. Law §349(a).

24    138.    As a direct and proximate result of the aforementioned acts of Defendant, the New

25 York Plaintiff and the New York Subclass have been harmed.

26    139.    As such, the New York Plaintiff and the New York Subclass are entitled to recover

27 damages under §349.

28 THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

29

1    140.    Moreover, pursuant to §349, the New York Plaintiff and the New York Subclass pray

2    for an order enjoining Defendant's wrongful conduct.

3                                   **COUNT VIII**

4                          **False Advertising in Violation of**
                          **N.Y. Gen. Bus. Law §350, *et seq.***
5                   (The New York Plaintiff and the New York Subclass)

6    141.    The New York Plaintiff and the New York Subclass incorporate by reference

7    paragraphs 1 through 76 above as though fully set forth herein.

8    142.    The New York Plaintiff brings this cause of action on behalf of the New York

9    Subclass in the alternative to all other California law claims in the event the Court finds that

10   California substantive law does not apply to the New York Plaintiff and the New York Subclasses'

11   Claims.

12   143.    Defendant's advertisements and representations complained of herein are "misleading

13   in a material respect," as defined by N.Y. Gen. Bus. Law §350-a.

14   144.    As a result, Defendant's advertisements and representations are unlawful under N.Y.

15   Gen. Bus. Law §350.

16   145.    As a direct and proximate result of the aforementioned acts of Defendant, the New

17   York Plaintiff and the New York Subclass have been harmed.

18                                   **COUNT IX**

19               **Violation of the New Jersey Consumer Fraud Act**
                      **N.J. Stat. Ann. §56:8-1, *et seq.***
20             (The New Jersey Plaintiff and the New Jersey Subclass)

21   146.    The New Jersey Plaintiff and the New Jersey Subclass incorporate by reference

22   paragraphs 1 through 76 above as though fully set forth herein.

23   147.    The New Jersey Plaintiff brings this cause of action on behalf of the New Jersey

24   Subclass in the alternative to all other California law claims in the event the Court finds that

25   California substantive law does not apply to the New Jersey Plaintiff's Claims.

26   148.    The New Jersey Plaintiff and the New Jersey Subclass and Defendant are "persons"

27   within the meaning of the Consumer Fraud Act ("CFA").

28   THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
     12-cv-00280-SC

1    149.    The New Jersey Plaintiff and the New Jersey Subclass "consumers" within the

2    meaning of the CFA.

3    150.    The Product is "merchandise" within the meaning of the CFA.

4    151.    At all relevant times material hereto, Defendant conducted trade and commerce in

5    New Jersey and elsewhere within the meaning of the CFA.

6    152.    The CFA is, by its terms, a cumulative remedy, such that remedies under its

7    provisions can be awarded in addition to those provided under separate statutory schemes.

8    153.    Defendant has engaged in deceptive practices in the sale of Fresh Step because

9    Defendant knew that they had purposely marketed and sold the Product in a manner that made the

10   New Jersey Plaintiff and reasonable consumers believe that Fresh Step eliminated odors better than

11   other cat litters.

12   154.    Defendant has engaged in deceptive practices in the sale of Fresh Step because

13   Defendant knew that Fresh Step does not eliminate odors better than other cat litters.

14   155.    Defendant's unconscionable conduct described herein included its false

15   representations concerning Fresh Step.

16   156.    Defendant intended that the New Jersey Plaintiff and the New Jersey Subclass rely on

17   these representations, so that the New Jersey Plaintiff and the New Jersey Subclass would purchase

18   Fresh Step at a premium.

19   157.    The false and misleading representations were intended to, and likely to, deceive a

20   reasonable consumer.

21   158.    The facts not disclosed would be material to the reasonable consumer, and are facts

22   that a reasonable consumer would consider important in deciding whether to purchase the Product

23   and how much to pay.

24   159.    Defendant's representations were, and are, material to reasonable consumers,

25   including the New Jersey Plaintiff and the New Jersey Subclass, in connection with their respective

26   decisions to purchase the Product.

27

28
THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

160.    Had Defendant not engaged in false and misleading advertising regarding the Product, the New Jersey Plaintiff and the New Jersey Subclass would not have purchased Fresh Step, or would have paid less for it.

161.    Had Defendant disclosed all material information regarding Fresh Step to Plaintiff and other members of the Class, they would not have purchased Fresh Step or would have paid less for it.

162.    The foregoing acts, omissions and practices directly, foreseeably and proximately caused the New Jersey Plaintiff and the New Jersey Subclass to suffer an ascertainable loss in the form of, inter alia, monies spent to purchase Fresh Step at a premium price, and they are entitled to recover such damages, together with appropriate penalties, including, but not limited to, treble damages, attorneys' fees and costs of suit.

## COUNT X

### Breach of Express Warranty
(The New York Plaintiff and New York Subclass, the Florida Plaintiffs and Florida Subclass, and the California Plaintiff and California Subclass)

163.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 76 as though fully set forth herein.  Plaintiffs, and each member of the Class, formed a contract with Clorox at the time Plaintiffs and the other members of the Class purchased Fresh Step.  The terms of that contract include the promises and affirmations of fact made by Clorox through its marketing campaigns, as described above.  In particular, Defendant warrants that carbon-based Fresh Step is better at eliminating and absorbing odors than baking soda-based cat litters and Fresh Step is better at eliminating odors than Arm & Hammer Super Scoop.  This advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiffs and the members of the Class on the one hand, and Clorox on the other.

164.    As set forth above, Defendants expressly warranted, inter alia, the following:

(a)    Clorox's "Fresh Step Scoopable litter with carbon is better at eliminating odors" than other cat litters containing baking soda;

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

1          (b)     Clorox's Fresh Step Scoopable cat litter "has carbon, which is more effective

2    at absorbing odors than baking soda"; and

3          (c)     cats "are smart enough to choose" carbon-based Fresh Step "with less odors"

4    over other cat litters with baking soda.

5    165.    Plaintiffs and the Class were exposed to these statements and reasonably relied upon

6    them in their purchase of Fresh Step.

7    166.    In reality, Fresh Step with carbon is not better at fighting odors than other brands of

8    cat litter containing baking soda, and thus, Defendant breached its warranty.

9    167.    Plaintiffs and the Class were damaged by Defendant's breach of warranty and have

10   suffered the losses alleged herein.

11   168.    All conditions precedent to Clorox's liability under this contract, including notice,

12   have been performed by Plaintiffs and the Class.

13   169.    Clorox breached the terms of this contract, including the express warranties, with

14   Plaintiffs and the Class by not providing the Fresh Step products as advertised and described above.

15   170.    As a result of Clorox's breach of its contract and warranties, Plaintiffs and the Class

16   have been damaged in the amount of the purchase price of the Clorox Fresh Step product they

17   purchased.

18   171.    As a direct and proximate result of Defendant's breach of express warranty, the

19   Plaintiffs and the Class have sustained damages and losses as alleged herein.

20   **COUNT XI**

21   **Unjust Enrichment**
     (The California Plaintiff and California Subclass)

22

23   172.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 76 as

     though fully set forth herein.

24

25   173.    Plaintiffs and the Class conferred a benefit on Clorox by purchasing Fresh Step

     products.

26

27   174.    Clorox has been unjustly enriched in retaining the revenues derived from the Class

28   members' purchases of Fresh Step products, which retention under these circumstances is unjust and

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

33

1    inequitable because Clorox misrepresented that: (1) Clorox's carbon-containing Fresh Step cat litter

2    is more effective at eliminating odors than other cat litters; and (2) cats "choose" Fresh Step over

3    other cat litters.  Moreover, by making these misrepresentations, Clorox caused injuries to Plaintiffs

4    and the Class because: (a) they paid a price premium for Fresh Step products; (b) they would not

5    have purchased the Fresh Step products on the same terms if the true facts regarding cat behavior

6    and the efficacy of carbon were known; and (c) Fresh Step products did not have the quality,

7    functionality or value as promised.

8          175.    Because Clorox's retention of the non-gratuitous benefit conferred on it by Plaintiffs

9    and the Class is unjust and inequitable, Clorox must pay restitution to Plaintiffs and the Class for its

10    unjust enrichment, as ordered by the Court.

11                               **PRAYER FOR RELIEF**

12          Wherefore, Plaintiffs request the following relief, on behalf of themselves and the Class:

13          A.      Certification of this action as a class action, appointment of Plaintiffs as Class

14    representatives and the appointment of Robbins Geller Rudman & Dowd LLP and Labaton

15    Sucharow LLP as Co-Lead Class Counsel;

16          B.      An order declaring the actions complained of herein to be in violation of the statutory

17    laws set forth above;

18          C.      An order permanently enjoining and restraining Clorox from any further acts in

19    violation of the CLRA and the Business and Professions Code §17200 as set forth above;

20          D.      An award of actual and/or statutory damages for injuries suffered by Plaintiffs and the

21    Class and in the maximum amount permitted by law;

22          E.      An award of compensatory damages for breach of warranty in an amount deemed

23    appropriate by the trier of fact against Clorox;

24          F.      An order disgorging Clorox's ill-gotten gains, awarding Plaintiffs and the Class full

25    restitution of all monies wrongfully acquired by Clorox pursuant to California Business and

26    Professions Code §§17203 and 17535;

27

28    THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
      12-cv-00280-SC

1    G.    An award of interest and attorneys' fees pursuant to, *inter alia*, California Code of

2  Civil Procedure §1021.5;

3    H.    An award of prejudgment and post-judgment interest;

4    I.    An award of costs, including, but not limited to, discretionary costs, attorneys' fees

5  and expenses incurred in prosecuting this case; and

6    J.    Any other and further relief to which Plaintiffs and the Class may be entitled at law or

7  in equity that this Court deems just and proper.

8                                    **JURY DEMAND**

9    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Class

10  demand a trial by jury as to all matters so triable.

11  DATED:  February 19, 2014               LABATON SUCHAROW LLP
                                             GREGORY S. ASCIOLLA (*Pro Hac Vice*)
12                                           ROBIN A. VAN DER MEULEN (*Pro Hac Vice*)

13

14                                            */s/ Gregory S. Asciolla*
                                             GREGORY S. ASCIOLLA
15
                                             140 Broadway
16                                           New York, NY 10005
                                             Telephone:  (212) 907-0700
17                                           (212) 883-7004 (fax)

18

19                                           ROBBINS GELLER RUDMAN
                                               & DOWD LLP
20                                           STUART A. DAVIDSON (*Pro Hac Vice*)
                                             MARK DEARMAN (*Pro Hac Vice*)
21                                           KATHLEEN BARBER
                                             BAILIE L. HEIKKINEN
22                                           CHRISTOPHER C. MARTINS
                                             120 East Palmetto Park Road, Suite 500
23                                           Boca Raton, FL  33432
                                             Telephone:  561/750-3000
24                                           561/750-3364 (fax)

25

26

27

28
    THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
    12-cv-00280-SC
                                                                                    35

1

2     ROBBINS GELLER RUDMAN
         & DOWD LLP
       SHAWN A. WILLIAMS
3     Post Montgomery Center
       One Montgomery Street, Suite 1800
4     San Francisco, CA  94104
       Telephone:  415/288-4545
5     415/288-4534 (fax)

6     ROBBINS GELLER RUDMAN
         & DOWD LLP
7     ROBERT M. ROTHMAN
       58 South Service Road, Suite 200
8     Melville, NY  11747
       Telephone:  631/367-7100
9     631/367-1173 (fax)

10    *Co-Lead Counsel for Plaintiffs*

11

12    SHEPHARD, FINKELMAN, MILLER
         & SHAH, LLP
13    JAMES C. SHAH
       35 East State Street
14    Media, PA 19063
       Telephone:  610/891-9880
15    610/891-9883 (fax)

16    HARKE CLASBY & BUSHMAN LLP
       LANCE A. HARKE
17    SARAH C. ENGEL
       HOWARD M. BUSHMAN
18    9699 NE Second Avenue
       Miami, FL  33138
19    Telephone:  305/536-8220
       305/536-8229 (fax)

20
       FARUQI & FARUQI, LLP
21    DAVID E. BOWER
       CHRISTOPHER B. HAYES
22    10866 Wilshire Blvd., Suite 1470
       Los Angeles, CA  90024
23    Telephone:  424/256-2884
       424/257-2885 (fax)

24
       *Members of Plaintiffs' Executive Committee*
25

26

27

28
       THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
       12-cv-00280-SC

1

<u>CERTIFICATE OF SERVICE</u>

2

      I hereby certify that on February 14, 2014, I authorized the electronic filing of the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6

CM/ECF participants indicated on the Manual Notice List.

7

      I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on February 19, 2014.

9

10

                            */s/ Robin A. van der Meulen*

ROBIN A. VAN DER MEULEN

11

12

LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone:  212/907-0700
212/818-0477 (fax)
E-mail: rvandermeulen@labaton.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
12-cv-00280-SC

37