**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:         (213) 239-5100
Facsimile:     (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:         (312) 222-9350
Facsimile:     (312) 527-0484

Attorneys for Defendant
The Clorox Pet Products Company,
improperly sued as The Clorox Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CLOROX CONSUMER LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>    All Actions | Master File No. 3:12-cv-00280-SC<br><br>**CLOROX'S ANSWER TO THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:  Hon. Samuel Conti |

1.     Through an extensive, nationwide marketing and advertising campaign, Clorox has conveyed two clear messages: (1) Clorox's Fresh Step cat litter ("Fresh Step" of "Product") is more effective at eliminating cat odors than other cat litters because, unlike other cat litters, Fresh Step contains carbon; and (2) cats "choose" Fresh Step over other cat litters due to its purported ability to eliminate odors.[1]  These messages are, in fact, false, misleading, and likely to deceive a reasonable consumer. Specifically, Clorox's Fresh Step cat litter is not more effective at eliminating odors than other cat litters, and cats do not "choose" Fresh Step over other cat litters. To be sure, scientific studies prove the exact opposite.[2]

Answer:  Clorox denies the allegations of Paragraph 1.  Footnote 1 sets forth Plaintiffs' intent to preserve for appeal their claims relating to advertising messages that cats "like" or "are smart enough to choose Fresh Step," which were dismissed by this Court with prejudice.  Clorox denies that any such claims are legally cognizable.  Footnote 2 sets forth Plaintiffs' intent to assert claims relating to "all Clorox carbon-based cat litters."  Clorox denies that Plaintiffs have standing to assert claims against any products other than Fresh Step Scoopable Litter with Carbon, which was the product advertised in the television commercials that form the basis of Plaintiffs' claims. Accordingly, Clorox uses "Fresh Step" herein to refer to "Fresh Step Scoopable Litter with Carbon."

2.     Clorox's claims that Fresh Step is superior to other cat litters is premised on its demonstrably false assertion that carbon-based cat litter is more effective at eliminating odors than other cat litters, including those that contain other odor-eliminating ingredients, such as baking soda. This, as Clorox is aware, is simply not true.

Answer:  Clorox denies the allegations of Paragraph 2.

3.     To begin, Clorox features prominently on the front of its packaging a logo that states that Fresh Step has odor eliminating carbon:

---

[1]   In light of the Court's order Granting in Part and Denying In Part Motion to Dismiss [D.E. 55, ¶¶ 13, 22], Plaintiffs will not be pursuing, but expressly preserve for appeal, any cause of action in this Second Amended Consolidated Class Action Complaint to the extent it is predicated on Clorox's advertising message that cats "like" or "are smart enough to choose Fresh Step," as such claims were dismissed with prejudice.

[2]   All references to "Fresh Step" or "Product" shall include all Clorox carbon-based cat litters.

1   <u>Answer</u>:  Clorox admits that certain packaging during certain portions of the proposed class
2   period included the phrase "odor eliminating carbon," but denies the remaining allegations of
3   Paragraph 3.

4       4.      Further, despite the falsity of the superiority claims, Clorox also boasts about Fresh
5   Step's superiority directly on the packaging.  Specifically, Fresh Step packaging includes claims that
6   it works better to eliminate odors than the leading litters.  In addition, the packaging states that these
7   superiority claims are based on lab tests to convey a scientific basis for its superiority claims to a
8   reasonable consumer.

9       Answer:  Clorox admits that certain packages distributed during certain portions of the class
10  period included language indicating that some forms of Fresh Step scoopable litter work "better" to
11  eliminate or control odors than the "leading" scoopable "litter" "Based on lab tests," but denies the
12  remaining allegations of Paragraph 4.

13      5.      Below are examples of packaging which contain these false superiority claims:
14      Answer:  Clorox admits that the images in Paragraph 5 appear to come from the back panel of
15  certain packages of two types of Fresh Step scoopable litter, but denies the remaining allegations of
16  Paragraph 5, including that any of the depicted language is false.

17      6.      Clorox also boasts about the purported "superiority" of the odor-eliminating
18  capabilities of carbon throughout its television advertising campaign.  For example, since early fall of
19  2010, Clorox televised a series of commercials proclaiming the superior odor-eliminating properties
20  of the carbon contained in its Fresh Step cat litter. These commercials even went so far as to portray
21  cats "choosing" Fresh Step litter over other cat litters because of the "superior" odor-eliminating
22  carbon contained in it.  To illustrate further, one of Clorox's initial commercials portrayed multiple
23  cats being presented with a choice between carbon-based Fresh Step or a baking soda-based cat litter,
24  and choosing Fresh Step. In the commercial, cats first sniffed the baking soda-based cat litter box
25  before stepping into it and then quickly stepping out of that litter box in favor of a nearby litter box
26  filled with Clorox's carbon-based Fresh Step cat litter, while a voiceover narrated:  "cats like boxes .
27  . . with Fresh Step litter inside. ***That's because Fresh Step's Scoopable litter with carbon is better at***
28  ***eliminating odor***. . . . Cats know what they like."  (emphasis added).

Answer:  Clorox admits that it has advertised Fresh Step through television commercials, including commercials that state that Fresh Step contains carbon, and commercials that state "Fresh Step's scoopable litter with carbon is better at eliminating odors than Arm & Hammer Super Scoop." Clorox admits that one of its commercials portrayed a yellow and blue litter box, and a cat stepping into and out of the yellow litter box and into the blue litter box, while a voiceover stated:  "Cats like boxes.  And ones with Fresh Step litter inside.  That's because Fresh Step's scoopable litter with carbon is better at eliminating odors . . . Cats know what they like."  Clorox denies the remaining allegations of Paragraph 6, and expressly denies that its commercials were false or misleading. Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on the commercial described in Paragraph 6.

7.    Likewise, a more recent Clorox commercial portrayed two laboratory beakers allegedly demonstrating that the odor-eliminating properties of carbon-based Fresh Step are superior to baking soda based litter. Consistent with Clorox's aforementioned "cats choose Fresh Step" marketing message, a voiceover in this commercial stated that "cats are smart" and "smart enough to choose the litter with less odors . . . so we make Fresh Step Scoopable litter with carbon, ***which is more effective at absorbing odors than baking soda.***"  (emphasis added).

Answer:  Clorox admits that one of its commercials portrayed glass containers and included a voiceover stating:  "cats are smart," "smart enough to choose the litter with less odors . . . so we make Fresh Step Scoopable litter with carbon, which is more effective at absorbing odors than baking soda."  However, Clorox denies that its commercial was false or misleading.  Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "are smart enough to choose Fresh Step."

8.    Put simply, Clorox's marketing and advertising campaign is purposefully designed to cause consumers to buy Fresh Step over other brands of cat litter by claiming that Fresh Step's carbon-based litter is more effective at eliminating odor than competitors' cat litter which contain other ingredients, such as baking soda, and because cats themselves "choose" Fresh Step.

Answer:  Clorox admits that the purpose of its advertisements is to advertise Fresh Step and that one of its commercials stated that carbon "is more effective at absorbing odors than baking

1  soda." Clorox denies the remaining allegations of Paragraph 8, and expressly denies that its

2  commercials are false or misleading. Moreover, the Court's August 24, 2012 Order dismissed

3  Plaintiff's claims based on statements that cats "choose Fresh Step."

4       9.    The truth, however, is that Clorox's superiority representations are demonstrably false,

5  misleading, and likely to deceive a reasonable consumer. Indeed, as scientific studies have shown,

6  carbon-based cat litter is not superior to other cat litters as far as odor elimination is concerned, and

7  moreover, cats do not "choose" Fresh Step cat litter over other, baking soda based cat litters.

8       Answer:  Clorox denies the allegations of Paragraph 9. Moreover, the Court's August 24,

9  2012 Order dismissed Plaintiff's claims based on statements that cats "like" or "choose" Fresh Step.

10      10.    Based directly on the materially false and misleading misrepresentations conveyed by

11  Clorox's advertising and marketing campaign, Clorox has charged consumers a significant premium

12  for Fresh Step. Indeed, according to Wal-Mart's website, a 25-pound box of Clorox's Fresh Step

13  costs $10.77, or $.43 per pound, while a 25-pound box of Clorox's Scoop Away cat litter brand

14  (which does not contain odor-eliminating carbon) costs $9.37, or $.37 per pound.  Moreover, a 20-

15  pound[3] box of Arm & Hammer's Super Scoop, a baking soda-based litter, costs $7.88, or $.39 per

16  pound.

17      Answer:  Clorox lacks personal knowledge and information as to the prices allegedly

18  represented on Wal-Mart's website on January 12, 2012, and on that basis denies the allegations in

19  the second and third sentences of Paragraph 10.  Clorox denies the remaining allegations of

20  Paragraph 10, and expressly denies that it has made any false or misleading statements.

21      11.    Clorox's deceptive marketing and advertising campaign has proven to be successful.

22  According to Clorox's most recent Form 10-K for the fiscal year ended June 30, 2011, Clorox

23  attributed "increased shipments of Fresh Step cat litter" to "promotional activities" and "increased

24  merchandising events."

25      Answer:  Clorox admits that The Clorox Company's Form 10-K for the fiscal year ended June

26  30, 2011 includes the following language: "Volume was also flat, which reflected . . . increased

27

28

---

3 *See*  www.Walmart.com (last visited Jan. 12, 2012).

shipments of Fresh Step ® cat litter, driven by product improvements and increased merchandising events. . . .  Also contributing to volume growth were increased shipments of Fresh Step ® cat litter due to promotional activities and higher shipments of bleach and other disinfecting and fragranced cleaning products in Latin America . . . ."  Clorox denies the remaining allegations of Paragraph 11, and expressly denies that any of its advertisements have been deceptive.

12.    Plaintiffs bring this action on behalf of themselves and other similarly situated consumers who purchased Fresh Step, seeking to stop the dissemination of Clorox's false, deceptive, and misleading advertising, correct the false and misleading perception Clorox has created in the minds of consumers, and to obtain monetary redress for those who have purchased Fresh Step. Herein, Plaintiffs allege violation of California's consumer protection and false advertising statutes, and California common law claims of breach of express warranty and unjust enrichment. In the alternative, Plaintiffs separately allege violations of the consumer protection statutes and common laws of the states of California, Florida, New York, New Jersey, and Texas.

Answer:  Paragraph 12 sets forth Plaintiffs' desire to bring this lawsuit on behalf of a purported class, the relief Plaintiffs purport to seek, and the claims Plaintiffs purport to allege. Clorox denies that a class action is legally valid or appropriate, that the relief sought by Plaintiffs is legally justified or appropriate, and that Plaintiffs' claims are legally valid.  Clorox denies the remaining allegations of Paragraph 12, and expressly denies that any of its advertisements have been false, deceptive, or misleading.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000. The total number of members of the proposed Class is greater than 100.

Answer:  Paragraph 13 sets forth a legal conclusion as to which no response is necessary.

14.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because Clorox's principal place of business is located within the Northern District of California at 1221 Broadway,

1    Oakland, California 94612, and because a substantial part of the events giving rise to the claims

2    alleged herein occurred in this District.

3        Answer:  Clorox admits that The Clorox Company's headquarters is located at 1221

4    Broadway, Oakland, California 94612.  Clorox denies the remaining allegations of Paragraph 14.

5        15.    The misrepresentations and unfair business practices forming the basis of the claims

6    of Plaintiffs and the Class emanated from California because: (a) Clorox's principal place of business

7    is located in California; (b) Clorox manufactures Fresh Step in California; (c) Clorox regularly

8    conducts business in California; (d) the significant decisions regarding the content and distribution of

9    the marketing and advertising at issue occurred in California; and (e) a significant number of Class

10   members are located in California.

11       Answer:  Clorox admits that the headquarters of The Clorox Company is located in California

12   and that it conducts business in California.  Clorox denies that Fresh Step is manufactured in

13   California.  Clorox admits that some decisions regarding the content and distribution of marketing

14   and advertising are made in California.  Clorox denies the remaining allegations of Paragraph 15, and

15   expressly denies that it has made any misrepresentations or engaged in any unfair business practices.

16       16.    Furthermore, Clorox's conduct has included the systematic and continuing practice of

17   disseminating false and misleading information throughout the United States, emanating from

18   California, via pervasive commercial advertising, which was intended to induce unsuspecting

19   consumers, including Plaintiffs and the members of the Class, into purchasing the more expensive

20   Fresh Step, which does not have the benefits that Defendant represents, although those purported

21   benefits serve as the basis for consumers' decision to purchase Fresh Step as opposed to other cat

22   litter brands.

23       Answer:  Clorox denies the allegations of Paragraph 16.

24                                      **PARTIES**

25       17.    At all times relevant to this matter, Plaintiff Megan Sterritt ("Sterritt") was a citizen

26   of and continues to be a citizen of Florida. During the class period, Sterritt was exposed to and saw

27   Clorox's marketing and advertising claims in Florida, purchased Fresh Step in Florida based on those

28   claims, and suffered injury in fact because of the unfair and deceptive trade practices described

1    herein. Sterritt did not receive the benefit of her bargain in each purchase of Fresh Step. Furthermore,

2    Sterritt paid a price premium for each purchase of Fresh Step, which she would not have paid if she

3    were aware of Defendant's deception alleged herein.

4        <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Sterritt's

5    citizenship, exposure to Clorox's marketing and advertising, and purchasing decisions, and on that

6    basis denies the allegations of Paragraph 17.  Clorox denies the remaining allegations of Paragraph

7    17, including that Plaintiff Sterritt suffered injury as a result of Clorox's actions, and that Plaintiff

8    Sterritt did not receive the benefit of her bargain in each purchase of Fresh Step.

9        18.    At all times relevant to this matter, Plaintiff Kristin Luszcz ("Luszcz") was a citizen of

10   and continues to be a citizen of New York. During the class period, Luszcz was exposed to and saw

11   Clorox's marketing and advertising claims in New York, purchased Fresh Step in New York based

12   on those claims, and suffered injury in fact because of the unfair and deceptive trade practices

13   described herein. Luszcz did not receive the benefit of her bargain in each purchase of Fresh Step.

14   Furthermore, Luszcz paid a price premium for each purchase of Fresh Step, which she would not

15   have paid if she were aware of Defendant's deception alleged herein.

16       <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Luszcz's

17   citizenship, exposure to Clorox's marketing and advertising, and purchasing decisions, and on that

18   basis denies the allegations of Paragraph 18.  Clorox denies the remaining allegations of Paragraph

19   18, including that Plaintiff Luszcz suffered injury as a result of Clorox's actions, and that Plaintiff

20   Luszcz did not receive the benefit of her bargain in each purchase of Fresh Step.

21       19.    At all times relevant to this matter, Plaintiff Lori Kowalewski ("Kowalewski") was a

22   citizen of and continues to be a citizen of New Jersey. During the class period, Kowalewski was

23   exposed to and saw Clorox's marketing and advertising claims in New Jersey, purchased Fresh Step

24   in New Jersey based on those claims, and suffered injury in fact because of the unfair and deceptive

25   trade practices described herein. Kowalewski did not receive the benefit of her bargain in each

26   purchase of Fresh Step. Furthermore, Kowalewski paid a price premium for each purchase of Fresh

27   Step, which she would not have paid if she were aware of Defendant's deception alleged herein.

28

1   <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Kowalewski's

2   citizenship, exposure to Clorox's marketing and advertising, and purchasing decisions, and on that

3   basis denies the allegations of Paragraph 19.  Clorox denies the remaining allegations of Paragraph

4   19, including that Plaintiff Kowalewski suffered injury as a result of Clorox's actions, and that

5   Plaintiff Kowalewski did not receive the benefit of her bargain in each purchase of Fresh Step.

6       20.     At all times relevant to this matter, Plaintiff Tina Butler-Furr ("Butler-Furr") was a

7   citizen of and continues to be a citizen of Texas. During the class period, Butler-Furr was exposed to

8   and saw Clorox's marketing and advertising claims in Texas, purchased Fresh Step in Texas based on

9   those claims, and suffered injury in fact because of the unfair and deceptive trade practices described

10  herein. Butler-Furr did not receive the benefit of her bargain in each purchase of Fresh Step.

11  Furthermore, Butler-Furr paid a price premium for each purchase of Fresh Step, which she would not

12  have paid if she were aware of Defendant's deception alleged herein.

13      <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Butler-Furr's

14  citizenship, exposure to Clorox's marketing and advertising, and purchasing decisions, and on that

15  basis denies the allegations of Paragraph 20.  Clorox denies the remaining allegations of Paragraph

16  20, including that Plaintiff Butler-Furr suffered injury as a result of Clorox's actions, and that

17  Plaintiff Butler-Furr did not receive the benefit of her bargain in each purchase of Fresh Step.

18      21.     At all times relevant to this matter, Plaintiff Catherine Lenz ("Lenz") was a citizen of

19  and continues to be a citizen of Texas. During the class period, Lenz was exposed to and saw

20  Clorox's marketing and advertising claims in Texas, purchased Fresh Step in Texas based on those

21  claims, and suffered injury in fact because of the unfair and deceptive trade practices described

22  herein. Lenz did not receive the benefit of her bargain in each purchase of Fresh Step. Furthermore,

23  Lenz paid a price premium for each purchase of Fresh Step, which she would not have paid if she

24  were aware of Defendant's deception alleged herein.

25      <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Lenz's citizenship,

26  exposure to Clorox's marketing and advertising, and purchasing decisions, and on that basis denies

27  the allegations of Paragraph 21.  Clorox denies the remaining allegations of Paragraph 21, including

28

1     that Plaintiff Lenz suffered injury as a result of Clorox's actions, and that Plaintiff Lenz did not

2     receive the benefit of her bargain in each purchase of Fresh Step.

3           22.     At all times relevant to this matter, Plaintiff Susan Doyle ("Doyle") was a citizen of

4     and continues to be a citizen of California. During the class period, Doyle was exposed to and saw

5     Clorox's marketing and advertising claims in California, purchased Fresh Step in California based on

6     those claims, and suffered injury in fact because of the unfair and deceptive trade practices described

7     herein. Doyle did not receive the benefit of her bargain in each purchase of Fresh Step.  Furthermore,

8     Doyle paid a price premium for each purchase of Fresh Step, which she would not have paid if she

9     were aware of Defendant's deception alleged herein.

10          <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Doyle's

11     citizenship, exposure to Clorox's marketing and advertising, and purchasing decisions, and on that

12     basis denies the allegations of Paragraph 22.  Clorox denies the remaining allegations of Paragraph

13     22, including that Plaintiff Doyle suffered injury as a result of Clorox's actions, and that Plaintiff

14     Doyle did not receive the benefit of her bargain in each purchase of Fresh Step.

15           23.     At all times relevant to this matter, Plaintiff Jose Segarra ("Segarra") was a citizen of

16     and continues to be a citizen of Florida. During the class period, Segarra was exposed to and saw

17     Clorox's marketing and advertising claims in Florida, purchased Fresh Step in Florida based on those

18     claims, and suffered injury in fact because of the unfair and deceptive trade practices described

19     herein. Segarra did not receive the benefit of his bargain in each purchase of Fresh Step.

20     Furthermore, Segarra paid a price premium for each purchase of Fresh Step, which he would not

21     have paid if he were aware of Defendant's deception alleged herein.

22          <u>Answer</u>:  Clorox lacks personal knowledge and information as to Plaintiff Segarra's

23     citizenship, exposure to Clorox's marketing and advertising, and purchasing decisions, and on that

24     basis denies the allegations of Paragraph 23.  Clorox denies the remaining allegations of Paragraph

25     23, including that Plaintiff Segarra suffered injury as a result of Clorox's actions, and that Plaintiff

26     Segarra did not receive the benefit of his bargain in each purchase of Fresh Step.

27           24.     Clorox is incorporated in the State of Delaware and is headquartered in Oakland,

28     California. Clorox is registered to do business in the State of California, and regularly conducts

business in the State of California. Clorox is a leading manufacturer and marketer of consumer and institutional products with approximately 8,100 employees worldwide and has net sales of $5.2 billion for the fiscal year 2011. Clorox sells its products primarily through mass merchandisers, grocery stores, and other retail outlets. Clorox markets some of consumers' most trusted and recognized brand names, including Fresh Step, to consumers throughout the United States, including tens of thousands of consumers in the State of California.

<u>Answer</u>:  Clorox admits that The Clorox Company is a Delaware corporation with its corporate headquarters in Oakland, California.  Clorox admits that The Clorox Company is registered to do business in the State of California, and that it regularly conducts business in the State of California.  Clorox admits that one or more of The Clorox Company's subsidiaries manufactures and markets consumer and institutional products and that The Clorox Company and its subsidiaries have approximately 8,400 employees worldwide.  Clorox admits that The Clorox Company and its subsidiaries had net sales of $5.2 billion for fiscal year 2011.  Clorox admits that The Clorox Company, through one or more of its subsidiaries, sells its products primarily through mass merchandisers, grocery stores, and other retail outlets.  Clorox admits that The Clorox Pet Products Company markets Fresh Step, and that Fresh Step is sold in California.  Clorox denies the remaining allegations of Paragraph 24.

## FACTUAL ALLEGATIONS

### Cat Litter and the Significance of Odor Elimination

25.    A litter box is an indoor feces and urine disposal receptacle for indoor cats that cannot, or do not, relieve themselves outdoors. In the wild, cats naturally excrete in soft or sandy soil for easy burial. To simulate this instinctive behavior, a litter box is filled with a soft, sandlike substance known as "litter." While at one time cat owners preferred their cats to roam outside, most contemporary cat owners prefer to keep their cats indoors, as their cats may become sick, injured, or lost while roaming outdoors. Accordingly, the cat litter industry is a huge market. Indeed, in 2010, it was reported that the cat litter market totaled $1.8 billion.

<u>Answer</u>:  Clorox admits that a litter box is used as a feces and urine disposal receptacle for cats, and that litter boxes may be filled with litter.  Clorox lacks personal knowledge and information

regarding the conduct of cats in the wild, the preferences of all cat owners, and the exact size of the cat litter market in 2010, and on that basis denies the remaining allegations of Paragraph 25.

26.    In the majority of these indoor-cat households, the litter box is located inside the residence. Cat waste, however, has an extremely strong and unpleasant odor, thus, eliminating odor is a major concern for indoor-cat owners. Accordingly, odor-control is a major marketing hook for cat litter manufacturers, whose advertising frequently focuses on reducing or eliminating odor.

Answer:  Clorox admits that some marketing materials for cat litter address the ability of cat litter to reduce or eliminate odor.  Clorox lacks personal knowledge and information regarding the behavior and concerns of all indoor-cat owners, and on that basis denies the remaining allegations of Paragraph 26.

27.    Cat litter reduces odors through one or more of the following methods: (1) the litter clumps when it comes into contact with urine; (2) fragrances contained in the litter may mask cat waste odors; (3) additional substances in the litter may either reduce the human perception of bad odors or react with the odors to reduce their odor-like properties; and/or (4) odor-fighting additives, like carbon or baking soda, neutralize and/or absorb odors. With respect to neutralization, a chemical process occurs to eliminate the odor molecule. Absorption is a process by which a substance binds odors to its surface, preventing the odor from entering the surrounding air.

Answer:  Clorox admits that cat litter may reduce odor through one or more of the methods identified in Paragraph 27.

**Clorox's Cat Litter and Fresh Step Advertising Campaign**

28.    Clorox is one of the leading manufacturers of cat litter in the United States.

Answer:  Clorox admits that The Clorox Pet Products Company is one of the leading manufacturers of cat litter in the United States.

29.    In 1984, Clorox began producing Fresh Step. According to its website, Fresh Step prides itself on being the "only litter that contains carbon."[4]

Answer:  Clorox denies the allegations of Paragraph 29.

---

[4] *See* http://www.freshstep.com/ourdifference.php (last visited Jan. 12, 2012).

30.     Even though it is a leading manufacturer of cat litter, Clorox's market share began to decline. In response, beginning in fall 2010, Clorox began a two-fold marketing and advertising campaign via television, claiming that: (1) Fresh Step cat litter is more effective at eliminating cat odors than other cat litters based on the carbon contained in the Product; and (2) that as a result of the carbon in the Product, cats actually "choose" Fresh Step over other cat litters. These superiority claims went far beyond merely promoting the odor-eliminating capabilities of carbon. Instead, they are false, misleading, and likely to deceive a reasonable consumer.

Answer:  Clorox admits that it has advertised Fresh Step through television commercials, including commercials that state that carbon "is more effective at absorbing odors than baking soda." However, Clorox denies that its commercials are false, misleading, or likely to deceive a reasonable consumer.  Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "choose Fresh Step."  Clorox denies the remaining allegations of Paragraph 30.

31.     Beginning in late 2009, Clorox also made changes to its packaging to emphasize that it contained carbon for maximum odor control.  In addition, Clorox added claims to the packaging that expressly stated that Fresh Step works better to control odors than other leading litters and that this claim was based on lab tests.

Answer:  Clorox admits that the packaging of many Fresh Step products identifies that the product contains carbon.  Clorox admits that certain packaging distributed during certain portions of the putative class period stated that certain Fresh Step scoopable products controlled or eliminated odor "better" than the "leading" scoopable "litter" "Based on lab tests."  Clorox denies the remaining allegations of Paragraph 31.

32.     Specifically, Fresh Step packaging contained the following two claims:  (1) "Better odor control than the leading unscented litter!*"[5]; and (2) "This patented formula is just as clean and safe for use by your cat as the other Fresh Step® litters and works better to eliminate odors than the leading scented scoopable litter.*"  In both cases, the asterisk is defined as based on lab tests.

---

[5] The term scented is sometimes substituted for unscented or natural depending on the particular Fresh Step variety.

1    Answer:  Clorox admits that a small subset of the packaging distributed during the putative

2    class period stated "Better odor control than the leading unscented litter!*  *Based on lab tests" or

3    "This patented formula is just as clean and safe for use by your cat as the other Fresh Step® litters

4    and works better to eliminate odors than the leading scented scoopable litter.*  *Based on lab tests."

5    Clorox denies the remaining allegations of Paragraph 32.

6    33.    Clorox's advertising campaign also consisted of multiple television commercials,

7    including visuals, voiceovers, and demonstrations, representing the purported superiority of Fresh

8    Step litter in eliminating odor, as well as cats' preference towards Fresh Step litter because of its

9    carbon content, as opposed to other, purportedly "inferior" odor-eliminating ingredients, such as

10   baking soda.

11   Answer:  Clorox admits that it has advertised Fresh Step through television commercials,

12   including commercials that state that carbon "is more effective at absorbing odors than baking soda."

13   However, Clorox denies that its commercials are false, misleading, or likely to deceive a reasonable

14   consumer.  Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on

15   statements that cats "like" or "choose Fresh Step."  Clorox denies the remaining allegations of

16   Paragraph 33.

17   34.    Clorox first began airing its false, misleading, and deceptive commercials around

18   October 2010 (the "First Commercials"). One commercial, for example, overtly stated that cats prefer

19   Fresh Step over other litters, because cats "know" Fresh Step is better at eliminating odors than Arm

20   & Hammer Super Scoop:

21

22   * * *

23

24   The full storyboard of Clorox's October 4, 2010 commercial is attached hereto as Exhibit

25   "A".

26   Answer:  Clorox admits that it has advertised Fresh Step through television commercials,

27   including a commercial that states cats "like" Fresh Step and "cats know what they like."  However,

28   Clorox denies that its commercials are false, misleading, or deceptive.  Moreover, the Court's August

24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "choose Fresh Step." Clorox admits that the images included within Paragraph 30 appear to be images from one of its commercials. Clorox denies the remaining allegations of Paragraph 34.

35. Defendant aired multiple other TV commercials that echoed these same verbal and visual messages, showing cats consistently "choosing" Fresh Step over other, carbonless brands. The storyboards for Clorox's December 27, 2010 and January 3, 2011 commercials are attached hereto as Exhibits "B" and "C," respectively.

Answer: Clorox admits that it has advertised Fresh Step through television commercials. However, Clorox denies that its commercials are false, misleading, or deceptive. Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "choose Fresh Step." Clorox denies the remaining allegations of Paragraph 35.

36. In February 2011, Clorox launched a new false, deceptive, and misleading advertising and marketing campaign (the "Second Commercials"), which continued to depict cats' purported preference towards Fresh Step litter, but in addition, the new commercials expressly stated that "Fresh Step Scoopable litter with carbon . . . *is more effective at absorbing odors than baking soda.*" (emphasis added).

Answer: Clorox admits that it has advertised Fresh Step through television commercials, including a commercial that states "That's why Fresh Step Scoopable has carbon, which is more effective at absorbing odors than baking soda." However, Clorox denies that its commercials are false, deceptive, or misleading. Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "choose Fresh Step." Clorox denies the remaining allegations of Paragraph 36.

37. One of the Second Commercials showed two laboratory beakers, one filled with a black substance labeled "carbon" and the other filled with a white substance labeled "baking soda." Green gas was then shown floating through the beakers; the green gas in the Fresh Step beaker rapidly dissipated, while the gas in the baking soda beaker barely dissipated. During this "scientific" demonstration, a voiceover stated: "That's why Fresh Step Scoopable has carbon, which is more effective at absorbing odors than baking soda."

Answer:  Clorox admits that it has advertised Fresh Step through television commercials, including a commercial that portrays two glass containers labeled "carbon" and "baking soda" and states "So we make Fresh Step Scoopable litter with carbon, which is more effective in absorbing odors than baking soda."  Clorox denies that the word "scientific" was used in the television commercial described in Paragraph 37 and further denies that its commercials are false, deceptive, or misleading.  Clorox denies the remaining allegations of Paragraph 37.

38.     The content of this commercial is depicted in the following storyboard:

* * *

The full storyboard of Clorox's February 21, 2011 commercial above, and a similar February 14, 2011 commercial, are attached as Exhibits "D" and "E," respectively.

Answer:  Clorox admits that the images included within Paragraph 38 are images from one of its commercials.  Clorox denies the remaining allegations of Paragraph 38.

39.     The superiority representations made in Clorox's commercials described above are demonstrably false, misleading, and likely to deceive a reasonable consumer because, in fact: (1) Fresh Step's carbon-containing cat litter is not more effective at eliminating cat odors than other cat litters; and (2) cats do not "choose" Fresh Step over other cat litters.

Answer:  Clorox denies the allegations of Paragraph 39.  Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "choose Fresh Step."

40.     Because of this false, misleading, and deceptive marketing campaign, Clorox has profited and continues to profit as consumers have been deceived by Clorox into believing they purchased a cat litter that has better odor eliminating abilities than its competitors and is preferred by cats, thus justifying a price premium for this deceptively advertised product.

Answer:  Clorox denies the allegations of Paragraph 40.

41.     There is no other reason for a reasonable consumer to pay a premium for Fresh Step other than as a result of Defendant's "carbon-superiority" claims.

Answer:  Clorox denies the allegations of Paragraph 41.

**Testing Demonstrates that Clorox's Representations Do Not Pass the Smell Test**

42.     In response to Clorox's First Commercials, which represented, among other things,

that cats "prefer" Fresh Step carbon-based cat litter over baking soda-based cat litter, Church & Dwight ("C&D"), the creator of Arm & Hammer's baking soda based cat litter, Super Scoop, commissioned a study to determine the actual frequency with which cats would reject either litter when used in the cat's litter box (the "C&D Study").

Answer:  Clorox lacks personal knowledge and information regarding testing performed or commissioned by Church & Dwight, and on that basis denies the allegations of Paragraph 42.

43.     The results of the C&D Study conclusively prove that cats do not reject baking soda based cat litter more than they reject carbon-based cat litter. In fact, the C&D study proves just the opposite, that cats reject Defendant's carbon-based Fresh Step more often than Arm & Hammer's baking soda based Super Scoop. Indeed, less than 4% of the cats involved in the study rejected their litter box and relieved themselves elsewhere in the home when the litter box was filled with C&D's Super Scoop cat litter, while slightly more than 5% of the cats involved in the study rejected their litter box when the litter box was filled with Clorox's Fresh Step cat litter.

Answer:  Clorox lacks personal knowledge and information regarding testing performed or commissioned by Church & Dwight.  Clorox denies the allegations of Paragraph 43.

44.     Accordingly, Clorox's claim that cats "choose" or prefer Fresh Step is false and misleading, as the results of C&D's Study demonstrate that cats do not prefer carbon-based Fresh Step to baking soda based Super Scoop.

Answer:  Clorox lacks personal knowledge and information regarding testing performed or commissioned by Church & Dwight.  Clorox denies the allegations of Paragraph 44.  Moreover, the Court's August 24, 2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "choose Fresh Step."

45.     In response to Clorox's Second Commercials, which expressly represented, among other things, that Clorox's carbon-containing Fresh Step cat litter is more effective at eliminating odors than other cat litters, C&D commissioned an independent study to run a sensory laboratory test to compare the cat waste odor elimination performance of Fresh Step with carbon to one of Arm & Hammer's cat litters with baking soda, Double Duty (the "Independent Study").

<u>Answer</u>:  Clorox lacks personal knowledge and information regarding testing performed or commissioned by Church & Dwight, and on that basis denies the allegations of Paragraph 45.

46.    In the Independent Study, panelists were asked to rate the odor emanating from two litter boxes, one filled with Fresh Step and one filled with Double Duty, over the course of 10 days. On every single day of the 10-day study, the panelists' average odor rating for C&D's Double Duty cat litter with baking soda was lower than the average odor rating for Clorox's Fresh Step carbon-based cat litter. These results clearly demonstrate that Arm & Hammer's cat litter was significantly superior to Fresh Step at the 95% confidence level in terms of cat waste odor elimination overall.

<u>Answer</u>:  Clorox lacks personal knowledge and information regarding testing performed or commissioned by Church & Dwight.  Clorox denies the allegations of Paragraph 46.

47.    The results of the Independent Study demonstrate that Clorox's Second Commercials contain false, misleading, and deceptive claims regarding Fresh Step's purported superiority. Indeed, contrary to Clorox's claim, its Fresh Step cat litter is not more effective at eliminating odors than other cat litters.

<u>Answer</u>:  Clorox lacks personal knowledge and information regarding testing performed or commissioned by Church & Dwight.  Clorox denies the allegations of Paragraph 47.

**A Competitor Successfully Challenges Clorox's Superiority Claims**

48.    In response to the First Commercials, C&D filed a lawsuit against Clorox alleging that Clorox's claims that Fresh Step has superior odor-eliminating capabilities and that cats prefer carbon-based Fresh Step to baking soda based Super Scoop were false and misleading. As a result, Clorox immediately ceased airing the First Commercials, and C&D dismissed their case without prejudice.

<u>Answer</u>:  Clorox admits that Church & Dwight filed a lawsuit against The Clorox Company in the United States District Court for the Southern District of New York.  The complaint filed in that lawsuit speaks for itself.  Clorox admits that it stopped airing the commercials at issue in the lawsuit, and that Church & Dwight subsequently dismissed its case without prejudice.  Clorox denies the remaining allegations of Paragraph 48.

49.    C&D reacted to the Second Commercials by filing another lawsuit in March 2011, alleging that Clorox's representations that Fresh Step cat litter products with carbon are superior to

1   Arm & Hammer cat litter products with baking soda at eliminating cat waste odor were false and

2   misleading and deceptive to consumers. C&D sought to enjoin Clorox from making these false

3   claims about Fresh Step, and brought claims against Clorox under the Lanham Act, New York's

4   General Business Law, and unfair competition under New York common law, among others.

5          Answer: Clorox admits that Church & Dwight filed a lawsuit in March 2011 against The

6   Clorox Company in the United States District Court for the Southern District of New York and

7   sought a preliminary injunction against The Clorox Company. The complaint filed in that lawsuit

8   speaks for itself. Clorox denies the remaining allegations of Paragraph 49, including that its

9   commercials included any false claims.

10         50.    On January 4, 2012, Judge Jed S. Rakoff, United States District Court for the Southern

11  District of New York, entered an Opinion and Order enjoining Clorox from airing the commercials

12  portraying the beaker test, finding Clorox's claims about the odor elimination abilities of carbon as

13  compared to baking soda were "literally false."

14         Answer: Clorox admits that Judge Rakoff issued an order on January 4, 2012 preliminarily

15  enjoining further use of the commercial at issue in the lawsuit filed by Church & Dwight. The order

16  speaks for itself. Clorox denies the remaining allegations of Paragraph 50.

17         51.    In his opinion, Judge Rakoff held:

18         In short, because the Jar Test on which Clorox based its claims is unreliable and,
           even if it were reliable could not possibly support Clorox's implied claims about
19         the relative merits of carbon and baking soda in cat litter, the Court finds Clorox's
           claims are literally false.
20
           * * *
21
           Put simply, Clorox, cloaking itself in the authority of a "a lab test," made literally
22         false claims going to the heart of one of the main reasons for purchasing cat litter.
           In such circumstances, where the misrepresentation is so plainly material on its
23         face, no detailed study of consumer reactions is necessary to conclude
           inferentially that Clorox is likely to divert customers from C&D's products to its
24         own unless the offending commercial is enjoined.

25
           Answer: The order issued by Judge Rakoff speaks for itself. Clorox denies the
26  remaining allegations of Paragraph 51.

27

28

52.     Despite Judge Rakoff's Order, Clorox continues to profit from its false and deceptive marketing campaign based on the purported "superiority" of carbon-based cat litter.  Purchasers of Fresh Step have been deceived by Clorox into believing that they purchased a product that had better odor eliminating abilities than its competitors and was preferred by cats, paying a price premium for this deceptively advertised product.

Answer:  Clorox denies the allegations of Paragraph 52.

53.     Purchasers of Fresh Step would not have paid a premium for the Product but for Defendant's "carbon-superiority" claims.

Answer:  Clorox denies the allegations of Paragraph 53.

54.     Plaintiffs seek to recover damages on behalf of themselves and the Class either in an amount equal to the unlawful price premium Plaintiffs and the members of the Class paid for Fresh Step, or alternatively, for the entire purchase price Plaintiffs and the Class paid for Defendant's deceptively advertised product. Plaintiffs also seek other damages, as well as equitable and injunctive relief, as further described herein.

Answer:  Paragraph 54 sets forth Plaintiffs' desire to bring this lawsuit on behalf of a purported class and Plaintiffs' requested relief.  Clorox denies that a class action is legally valid or appropriate, and further denies that the relief sought by Plaintiffs is legally justified or appropriate. Clorox denies the remaining allegations of Paragraph 54.

## CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring this class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of a Class defined as:

Answer:  Paragraph 55 sets forth Plaintiffs' desire to bring this lawsuit on behalf of a purported class.  Clorox denies that a class action is legally valid or appropriate.

56.     All persons or entities that purchased Fresh Step cat litter in the United States during the period between October 2010 and the date of the final disposition of this action.

Answer:  Paragraph 56 sets forth Plaintiffs' desire to bring this lawsuit on behalf of a purported class and Plaintiffs' proposed definition of a purported class on whose behalf Plaintiffs purport to bring this action.  Clorox denies that a class action is legally valid or appropriate.  Clorox

further denies that the purported class is legally cognizable, and denies the allegations of Paragraph 56.

57.    Plaintiff Susan Doyle (the "California Plaintiff") also brings this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in the United States during the period between October 2010 and the date of the final disposition of this action (the "California Subclass").

Answer:  Paragraph 57 sets forth Plaintiff Doyle's desire to bring this lawsuit on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 57.

58.    Plaintiffs Megan Sterritt and Jose Segarra (the "Florida Plaintiffs") also bring this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in the United States during the period between October 2010 and the date of the final disposition of this action (the "Florida Subclass").

Answer:  Paragraph 58 sets forth Plaintiff Sterritt's and Plaintiff Segarra's desire to bring this lawsuit on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 58.

59.    Plaintiff Kristin Luszcz ( the "New York Plaintiff") brings this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in State of New York during the period between October 2010 and the date of the final disposition of this action (the "New York Subclass").

Answer:  Paragraph 59 sets forth Plaintiff Luszcz's desire to bring this lawsuit on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 59.

60.    Plaintiffs Lori Kowalewski and Catherine Lenz (the "New Jersey Plaintiffs") also bring this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in the United States during the period between October 2010 and the date of the final disposition of this action (the "New Jersey Subclass").

Answer:  Paragraph 60 sets forth Plaintiff Kowalewski's and Plaintiff Lenz's desire to bring this lawsuit on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 60.

61.    Plaintiff Tina Butler-Furr (the "Texas Plaintiff") also brings this action, pursuant to Rule 23, on behalf of all persons or entities who purchased Fresh Step cat litter in the United States during the period between October 2010 and the date of the final disposition of this action (the "Texas Subclass").

Answer:  Paragraph 61 sets forth Plaintiff Butler-Furr's desire to bring this lawsuit on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 61.

62.    The Subclasses described in paragraphs 53 to 57 are collectively referred to herein as the "Subclasses."

Answer:  Paragraph 62 sets forth a definition as to which no response is necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 62.

63.    Subject to additional information obtained through further investigation and discovery, the foregoing definitions may be expanded or narrowed by amendment or amended consolidated complaint.

Answer:  Paragraph 63 sets forth a legal conclusion as to which no response is necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 63.

64.    The Class and Subclasses exclude Clorox and any entity in which Clorox has a controlling interest, as well as its officers, directors, legal representatives, successors, and assigns.

Answer:  Paragraph 64 provides information regarding Plaintiffs' proposed definition of a purported class and subclasses on whose behalf Plaintiffs purport to bring this action.  Clorox denies that a class action is legally valid or appropriate.  Clorox further denies that the purported class and subclasses are legally cognizable, and denies the allegations of Paragraph 64.

65.    The claims asserted herein are applicable to all individuals throughout the United States who purchased Fresh Step cat litter. The State of California has sufficient state interest through

1    a significant contact or aggregation of contacts to the claims asserted by each member of the Class

2    and Subclasses so that the choice of California law is not arbitrary or unfair

3        <u>Answer</u>:  Clorox denies the allegations of Paragraph 65.

4        66.    There is a well-defined community of interest among members of the Class and

5    Subclasses, and the disposition of the claims of these members of the Class and Subclasses in a single

6    action will provide substantial benefits to all parties and to the Court.

7        <u>Answer</u>:  Clorox denies the allegations of Paragraph 66.

8        67.    Notice can be provided to the members of the Class and Subclasses through

9    publication, or otherwise, using techniques and a form of notice similar to those customarily used in

10    consumer class actions arising under California state law and federal law.

11        <u>Answer</u>:  Clorox denies the allegations of Paragraph 67.

12        68.    The Class members and Subclasses are so numerous that joinder of all Class and

13    Subclasses members are impracticable. At this time, Plaintiffs are informed and believe that the Class

14    and Subclasses include thousands of members. Therefore, the Class and Subclasses are sufficiently

15    numerous that joinder of all members of the Class and Subclasses in a single action is impracticable

16    under Federal Rule of Civil Procedure 23(a)(1), and the resolution of their claims through the

17    procedure of a class action will be of benefit to the parties and the Court.

18        <u>Answer</u>:  Clorox denies the allegations of Paragraph 68.

19        69.    Plaintiffs' claims are typical of the claims of the Class and Subclass members whom

20    they seek to represent because Plaintiffs and Subclasses and each member of the Class and

21    Subclasses have been subjected to the same deceptive and improper practices by Clorox and have

22    been damaged in the same manner.

23        <u>Answer</u>:  Clorox denies the allegations of Paragraph 69.

24        70.    Plaintiffs' classes will fairly and adequately represent and protect the interests of the

25    Class members and Subclasses as required by Federal Rule of Civil Procedure 23(a)(4).  Plaintiffs

26    have no interests that are adverse to those of the members of the Class that they seek to represent.

27    Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have

28

retained counsel who are competent and experienced in handling complex class action litigation on behalf of consumers.

Answer:  Clorox denies the allegations of Paragraph 70.

71.     A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

(a)     The expense and burden of individual litigation would not be economically feasible for members of the Class and Subclasses to seek to redress their "negative value" claims other than through the procedure of a class action; and

(b)     If separate actions were brought by individual members of the Class and Subclasses, the resulting multiplicity of lawsuits would cause members to seek to redress their "negative value" claims other than through the procedure of a class action.

Answer:  Clorox denies the allegations of Paragraph 71.

72.     Absent a class action, Clorox likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

Answer:  Clorox denies the allegations of Paragraph 72.

69.     Common questions of law and fact exist as to all Class and Subclass members and predominate over questions affecting only individual Class and Subclass members. Common legal and factual questions include, but are not limited to:

(a)     Whether Clorox's claims are true, misleading, or likely to deceive a reasonable consumer;

(b)     Whether Clorox engaged in false or deceptive advertising;

(c)     Whether Clorox knew that its representations were false, misleading and reasonably likely to deceive but continued to disseminate them;

(d)     Whether Clorox violated the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.*;

(e)     Whether Clorox violated the Unfair Competition Law, California Business and Professions Code §17200, *et seq.*;

(f)     Whether Clorox violated the False Advertising Law, California Business and Professions Code §17500, *et seq*.;

(g)     Whether Clorox violated the various state consumer protection laws as set forth herein;

(h)     Whether Clorox breached an express warranty to Plaintiffs and the Class and Subclasses;

(i)     Whether Clorox was unjustly enriched by its acts complained of herein;

(j)     Whether Plaintiffs and the Class and Subclasses have sustained monetary loss and the proper measure of that loss;

(k)     Whether Plaintiffs and the Class and Subclasses are entitled to punitive damages; and

(l)     Whether Plaintiffs and the Class and Subclasses are entitled to declaratory and injunctive relief.

Answer:  Clorox denies the allegations of Paragraph 73.

74.     Certification of the Class and Subclasses under the laws of California is appropriate because:

(a)     Clorox is a corporation conducting substantial business in and from California;

(b)     Clorox's principle place of business and corporate headquarters are located in California;

(c)     Decisions regarding Fresh Step representations were made in California;

(d)     Clorox's marketing, promotional activities and literature, as well as their warranties, were coordinated at, emanated from and/or were developed at Clorox's California headquarters; and

(e)     A significant number of Class members reside in the State of California.

Answer:  Clorox denies the allegations of Paragraph 74.

75.     However, in the event that California substantive law is found not to apply to Plaintiffs' claims, Plaintiffs seek certification, in the alternative, of the Subclasses.

Answer:  Paragraph 75 sets forth Plaintiffs' desire to bring this lawsuit on behalf of purported subclasses.  Clorox denies that any such subclasses are legally cognizable and denies the allegations of Paragraph 75.

76.     Plaintiffs are not aware of any difficulty that will be encountered in the management of this litigation, which should preclude its maintenance as a class action.

Answer:  Clorox lacks knowledge and information as to Plaintiffs' beliefs, and on that basis denies the allegations of Paragraph 76.  Clorox further denies that there will be no difficulty encountered in the management of this litigation, and denies that this lawsuit may be properly maintained as a class action.

## COUNT I

### Violation of the Consumers Legal Remedies Act
### California Civil Code §1750, *et seq*.

77.     Plaintiffs and the Class and/or California Subclass incorporate by reference the allegations in paragraphs 1 through 76 as if fully set forth herein.

Answer:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 77.

78.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "CLRA"). Plaintiffs are consumers as defined by California Civil Code §1761(d). Fresh Step cat litter is a good within the meaning of the California Act.

Answer:  Paragraph 78 sets forth legal conclusions as to which no response is necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 78.

79.     Clorox violated the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class and/or California Subclass which were intended to result in, and did result in, the sale of Fresh Step cat litter:

(a)     Representing that Fresh Step has characteristics and benefits which it does not have;

(b)     Disparaging the goods, services, or business of another by false or misleading representation of fact;

(c)     Representing that Fresh Step is of a particular standard, quality or grade, which it is not;

(d)     Advertising Fresh Step with intent not to sell it as advertised; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(e)    Representing Fresh Step has been supplied in accordance with a previous
representation when it has not.

Answer:  Clorox denies the allegations of Paragraph 79.

80.    Clorox violated the CLRA by representing through its advertisements of the product
as described above when it knew, or should have known, that the representations and advertisements
were unsubstantiated, false and misleading.

Answer:  Clorox denies the allegations of Paragraph 80.

81.    Pursuant to California Civil Code §1782(d), Plaintiffs seek a Court order enjoining the
above-described wrongful acts and practices of Clorox and for restitution and disgorgement.

Answer:  Clorox denies that the orders sought by Plaintiffs are legally justified or appropriate,
and denies the remaining allegations of Paragraph 81.

82.    Pursuant to §1782 of the CLRA, on January 23, 2012, counsel for Plaintiff Luszcz
sent a notice and demand letter by certified mail to Clorox's Chief Executive Officer, Donald K.
Knauss. *See* Demand Letter, attached hereto as Exhibit "F." Counsel for Luszcz provided Clorox
with 30 days from the date of the Luszcz complaint to rectify or agree to rectify the issues addressed
in her complaint, after which she reserved the right to amend her complaint to seek damages, as
appropriate. The requisite 30 days have expired, and Clorox has not rectified the issues in Luszcz's
complaint. Plaintiffs therefore seek damages in this Second Amended Consolidated Class Action
Complaint.

Answer:  The document cited in Paragraph 82 speaks for itself.  Clorox denies the remaining
allegations of Paragraph 82, including that the damages sought by Plaintiffs are legally justified or
appropriate.

**COUNT II**

**Violation of the Unfair Competition Law**
**California Business and Professions Code §17200, *et seq.***

83.    Plaintiffs and the Class and/or California Subclass incorporate by reference the
allegations in paragraphs 1 through 76 as though fully set forth herein.

1    <u>Answer</u>:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the
2    preceding paragraphs in response to Paragraph 83.

3        84.    California Business and Professions Code §17200 also prohibits any "unlawful…
4    business act or practice." Clorox violated §17200's prohibition against engaging in unlawful acts and
5    practices by, *inter alia*, making the representations and omissions of material facts, as set forth more
6    fully herein, and violating California Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business &
7    Professions Code §17200, *et seq*., and the common law.

8        <u>Answer</u>:  The first sentence of Paragraph 84 sets forth a legal conclusion as to which no
9    response is necessary.  Clorox denies the remaining allegations of Paragraph 84.

10       85.    Plaintiffs reserve the right to allege other violations of law, which constitute other
11   unlawful business acts or practices. Such conduct is ongoing and continues to this date.

12       <u>Answer</u>:  Clorox denies the allegations of Paragraph 85.

13       86.    California Business & Professions Code §17200 also prohibits any "unfair or
14   fraudulent business act or practice."

15       <u>Answer</u>:  Paragraph 86 sets forth a legal conclusion as to which no response is necessary.

16       87.    Clorox's acts, omissions, misrepresentations, practices and non-disclosures alleged
17   herein also constitute "unfair" business acts and practices within the meaning of California Business
18   & Professions Code §17200, *et seq*. in that its conduct is substantially injurious to consumers,
19   offends public policy, and is unethical, oppressive, and unscrupulous as the gravity of the conduct
20   outweighs any alleged benefits attributable to such conduct.

21       <u>Answer</u>:  Clorox denies the allegations of Paragraph 87.

22       88.    As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair
23   competition and truth in advertising laws in California resulting in harm to consumers.  Plaintiffs
24   assert violations of the public policy of engaging in false and misleading advertising, unfair
25   competition and deceptive conduct towards consumers. This conduct constitutes violations of the
26   "unfair prong" of California Business & Professions Code §17200, *et seq*.

27       <u>Answer</u>:  Clorox denies the allegations of Paragraph 88.

28

89.     There were reasonably available alternatives to further Clorox's legitimate business interests, other than the conduct described herein.

Answer:  Clorox denies the allegations of Paragraph 89.

90.     Business & Professions Code §17200 also prohibits any "fraudulent business act or practice."

Answer:  Paragraph 90 sets forth a legal conclusion as to which no response is necessary.

91.     Clorox's misleading statements, as more fully set forth above, are false, misleading and/or likely to deceive a reasonable consumer within the meaning of California Business & Professions Code §17200.

Answer:  Clorox denies the allegations of Paragraph 91.

92.     Clorox's conduct caused and continues to cause substantial injury to Plaintiffs and the Class and/or California Subclass. Plaintiffs and the Class and/or California Subclass have suffered injury in fact and have lost money as a result of Clorox's unlawful conduct.

Answer:  Clorox denies the allegations of Paragraph 92.

93.     Clorox has thus engaged in unlawful, unfair, and fraudulent business acts and practices. The above-described unlawful, unfair, and fraudulent business acts and practices by Clorox present a threat to the Class and/or California Subclass and the general public.

Answer:  Clorox denies the allegations of Paragraph 93.

94.     Pursuant to California Business and Professions Code §§17203 and 17535, Plaintiffs seek an order disgorging Clorox's ill-gotten gains, awarding Plaintiffs and the Class and/or California Subclass full restitution of all monies wrongfully acquired by Clorox by means of such acts of unlawful, unfair and fraudulent business acts and practices, plus interest and attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure §1021.5, so as to restore any and all monies to Plaintiffs and the Class and/or California Subclass, which were acquired and obtained by means of such unlawful, unfair, and fraudulent business acts and practices, and which ill-gotten gains are still retained by Clorox. Plaintiffs additionally request that such funds be impounded by the Court or that an asset freeze or trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by Clorox. Plaintiffs and the Class and/or

California Subclass will be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

Answer:  Clorox denies that the relief sought by Plaintiffs is legally justified or appropriate, and denies the remaining allegations of Paragraph 94.

95.    Additionally, pursuant to California Business & Professions Code §17203, Plaintiffs seek an order requiring Clorox to engage in a corrective advertising campaign.

Answer:  Clorox denies that the order sought by Plaintiffs is legally justified or appropriate, and denies the remaining allegations of Paragraph 95.

## COUNT III

**False and Misleading Advertising in Violation of California
Business and Professions Code §§17200 and 17500 *et seq.***

96.    Plaintiffs and the Class and/or California Subclass incorporate by reference the allegations in paragraphs 1 through 76 as though fully set forth herein.

Answer:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 96.

97.    The misrepresentations by Clorox of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of, *inter alia*, Business and Professions Code §17500, *et seq*.

Answer:  Clorox denies the allegations of Paragraph 97.

98.    Clorox's use of various forms of media to advertise, call attention to, or give publicity to the sale of Fresh Step, which were not as represented, constitutes unfair competition and unfair, deceptive, untrue or misleading advertising within the meaning of California Business and Professions code §17500, *et seq*., which advertisements deceived and continue to deceive the consuming public.

Answer:  Clorox denies the allegations of Paragraph 98.

99.    Clorox either knew, recklessly disregarded, or reasonably should have known that such advertising was false and/or misleading. Such conduct also constitutes a violation of Business and Professions Code §17200, *et seq*.

1

<u>Answer</u>:  Clorox denies the allegations of Paragraph 99.

2

100.    The above-described unlawful, false, and misleading advertising conducted by Clorox

3

presents a threat to and the Class and/or California Subclass and the general public.

4

<u>Answer</u>:  Clorox denies the allegations of Paragraph 100.

5

101.    Pursuant to California Business and Professions Code §§17203 and 17535, Plaintiffs

6

seek an order disgorging Clorox's ill-gotten gains, awarding Plaintiffs and the Class and/or California

7

Subclass full restitution of all monies wrongfully acquired by Clorox by means of such acts of unfair

8

competition and false advertising, plus interest and attorneys' fees pursuant to, *inter alia*, California

9

Code of Civil Procedure §1021.5, so as to restore any and all monies to Plaintiffs and the Class

10

and/or California Subclass which were acquired and obtained by means of such unfair competition

11

and false advertising, and which ill-gotten gains are still retained by Clorox. Plaintiffs additionally

12

request that such funds be impounded by the Court or that an asset freeze or trust be imposed upon

13

such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such

14

monies by Clorox. Plaintiffs and the Class and California Subclass will be irreparably harmed and/or

15

denied an effective and complete remedy if such an order is not granted.

16

<u>Answer</u>:  Clorox denies that the relief sought by Plaintiffs is legally justified or appropriate,

17

and denies the remaining allegations of Paragraph 101.

18

**COUNT IV**

19

**Violations of the Florida Deceptive and Unfair Trade Practices Act,
Fla. Stat. §501.201, *et seq.***

20

(The Florida Plaintiffs and the Florida Subclass)

21

102.    The Florida Plaintiffs and the Florida Subclass reallege and incorporate by reference

22

the allegations contained in paragraphs 1-76 as though fully set forth herein.

23

<u>Answer</u>:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the

24

preceding paragraphs in response to Paragraph 102.

25

103.    The Florida Plaintiffs bring this cause of action on behalf of the Florida Subclass in

26

the alternative to all other California law claims in the event the Court finds that California

27

substantive law does not apply to the Florida Plaintiffs' Claims.

28

1

<u>Answer</u>:  Paragraph 103 sets forth Plaintiffs' desire to bring this cause of action on behalf of a

2

purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the

3

remaining allegations of Paragraph 103.

4

104.    This cause of action is brought on behalf of the Florida Class pursuant to the Florida

5

Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq*. (the "Act"). The stated purpose

6

of the Act is to "protect the consuming public . . . from those who engage in unfair methods of

7

competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or

8

commerce." Fla. Stat. §501.202(2).

9

<u>Answer</u>:  The first sentence of Paragraph 104 sets forth Plaintiffs' desire to bring this cause of

10

action on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable.

11

The second sentence of Paragraph 104 sets forth a legal conclusion as to which no response is

12

necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 104.

13

105.    Plaintiffs are consumers as defined by Fla. Stat. §501.203. The Products are goods

14

within the meaning of the Act. Defendant is engaged in trade or commerce within the meaning of the

15

Act.

16

<u>Answer</u>:  Paragraph 105 sets forth legal conclusions as to which no response is necessary.  To

17

the extent a response is necessary, Clorox denies the allegations of Paragraph 105.

18

106.    Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition,

19

unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade

20

or commerce."

21

<u>Answer</u>:  Paragraph 106 sets forth a legal conclusion as to which no response is necessary.

22

To the extent a response is necessary, Clorox denies the allegations of Paragraph 106.

23

107.    Fla. Stat. §501.204(2) states that "due consideration and great weight shall be given to

24

the interpretations of the Federal Trade Commission and the federal courts relating to [section]

25

5(a)(1) of the Federal Trade Commission Act." Defendant's unfair and deceptive practices are likely

26

to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla.

27

Stat. §500.04 and 21 U.S.C. §343.

28

1     <u>Answer</u>:  The first sentence of Paragraph 107 sets forth a legal conclusion as to which no
2     response is necessary.  Clorox denies the remaining allegations of Paragraph 107.

3     108.     Defendant has violated the Act by engaging in the unfair and deceptive practices as
4     described herein which offend public policies and are immoral, unethical, unscrupulous and
5     substantially injurious to consumers.

6     <u>Answer</u>:  Clorox denies the allegations of Paragraph 108.

7     109.     The Florida Plaintiffs and the Florida Subclass have been aggrieved by Defendant's
8     unfair and deceptive practices in that they paid for these Products after exposure to the false and
9     misleading advertising.

10    <u>Answer</u>:  Clorox denies the allegations of Paragraph 109.

11    110.     The damages suffered by the Florida Plaintiffs and the Florida Subclass were directly
12    and proximately caused by the deceptive, misleading and unfair practices of Defendant, as more fully
13    described herein.

14    <u>Answer</u>:  Clorox denies the allegations of Paragraph 110.

15    111.     Pursuant to Fla. Stat. §501.211(1), the Florida Plaintiffs and the Florida Subclass seek
16    a declaratory judgment and court order enjoining the above-described wrongful acts and practices of
17    Defendant and for restitution and disgorgement.

18    <u>Answer</u>:  Clorox denies that the relief sought by Plaintiffs is legally justified or appropriate,
19    and denies the remaining allegations of Paragraph 111.

20    112.     Additionally, pursuant to Fla. Stat. §§501.211(2) and 501.2105, the Florida Plaintiffs
21    and the Florida Subclass make claims for damages, attorneys' fees and costs.

22    <u>Answer</u>:  Clorox denies that the relief sought by Plaintiffs is legally justified or appropriate,
23    and denies the remaining allegations of Paragraph 112.

24                                    **COUNT V**

25                  **Misleading Advertising, Florida Statutes §817.41, *et seq.***
26                  **(The Florida Plaintiffs and the Florida Subclass)**

27    113.     The Florida Plaintiffs and the Florida Subclass reallege and incorporates by reference
28    the allegations contained in paragraphs 1 through 76 as though fully set forth herein.

1    Answer:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the

2    preceding paragraphs in response to Paragraph 113.

3    114.    The Florida Plaintiffs bring this cause of action on behalf of the Florida Subclass in

4    the alternative to all other California law claims in the event the Court finds that California

5    substantive law does not apply to the Florida Plaintiffs' Claims.

6    Answer:  Paragraph 114 sets forth Plaintiffs' desire to bring this cause of action on behalf of a

7    purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the

8    allegations of Paragraph 114.

9    115.    This cause of action is brought on behalf of the Florida Plaintiffs and the Florida

10   Subclass pursuant to Fla. Stat. §817.41, *et seq.* (the "Advertising Act"), which makes it "unlawful for

11   any person to make or disseminate or cause to be made or disseminated before the general public of

12   the state, or any portion thereof, any misleading advertisement." Fla. Stat. §817.41(1).

13   Answer:  The first clause of Paragraph 115 sets forth Plaintiffs' desire to bring this cause of

14   action on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable.

15   The second clause of Paragraph 115 sets forth a legal conclusion as to which no response is

16   necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 115.

17   116.    Fla. Stat. §817.40 defines misleading advertisements as:

18   [A]ny statements made, or disseminated, in oral, written, or printed form or
     otherwise, to or before the public, or any portion thereof, which are known, or

19   through the exercise of reasonable care or investigation could or might have been
     ascertained, to be untrue or misleading, and which are or were so made or

20   disseminated with the intent or purpose, either directly or indirectly, of selling or
     disposing of real or personal property, services of any nature whatever,

21   professional or otherwise, or to induce the public to enter into any obligation
     relating to such property or services. Fla. Stat.

22   §817.40(5).

23   Answer:  Paragraph 116 sets forth a legal conclusion as to which no response is necessary.

24   To the extent a response is necessary, Clorox denies the allegations of Paragraph 116.

25   117.    Defendant has violated the Advertising Act by disseminating misleading

26   advertisements in connection with the unfair and deceptive practices as described herein.

27   Answer:  Clorox denies the allegations of Paragraph 117.

28

1
2
3

118.    Specifically, Defendant knew that the representations, as set forth above, as to its Products were false, but continued to make these representations in order to profit off of consumers' deception.

4

Answer:  Clorox denies the allegations of Paragraph 118.

5
6

119.    In so doing, Defendant disseminated various advertisements to the public, which were false and misleading, knowing that these representations were false.

7

Answer:  Clorox denies the allegations of Paragraph 119.

8
9

120.    Thus, Defendant's advertisements constitute misleading advertisements in violation of the Advertising Act.

10

Answer:  Clorox denies the allegations of Paragraph 120.

11
12

121.    The Florida Plaintiffs and the Florida Subclass have been aggrieved by Defendant's unfair and deceptive practices in that they paid for Products and services.

13

Answer:  Clorox denies the allegations of Paragraph 121.

14
15

122.    The damages suffered by the Florida Plaintiffs and the Florida Subclass were directly and proximately caused by Defendant's misleading advertisements, as more fully described herein.

16

Answer:  Clorox denies the allegations of Paragraph 122.

17
18

123.    Moreover, pursuant to Fla. Stat. §817.41(5), the Florida Plaintiffs and the Florida Subclass seek punitive damages, as well as attorneys' fees and costs.

19
20

Answer:  Clorox denies that the relief sought by Plaintiffs is legally justified or appropriate, and denies the remaining allegations of Paragraph 123.

21

124.    All conditions precedent to this claim have been waived or satisfied.

22

Answer:  Clorox denies the allegations of Paragraph 124.

23

**COUNT VI**

24

**Violations of the Texas Deceptive Trade Practices Act ("DTPA"),**
**Tex. Bus. & Com. Code Ann. §17.50,** *et seq.*
(The Texas Plaintiffs and the Texas Subclass)

25

26

125.    The Texas Plaintiffs incorporate by reference paragraphs 1 through 76 above as though fully set forth herein.

27

28

Answer:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 125.

126.    The Texas Plaintiffs bring this cause of action on behalf of the Texas Subclass in the alternative to all other California law claims in the event the Court finds that California substantive law does not apply to the Texas Plaintiffs' Claims.

Answer:  Paragraph 126 sets forth Plaintiffs' desire to bring this cause of action on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 126.

127.    The Texas Plaintiffs and the Texas Subclass are consumers as defined by the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §17.50, *et seq.* Defendant may be sued under the DTPA.

Answer:  Paragraph 127 sets forth legal conclusions as to which no response is necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 127.

128.    Defendant engaged in false, misleading, or deceptive acts and practices, and the Texas Plaintiffs and the Texas Subclass relied on Defendant to their detriment. Defendant engaged in false, misleading, and/or deceptive acts and practices by representing that Fresh Step cat litter had characteristics, uses, and benefits that it did not have. Defendant further engaged in deceptive trade practices by representing that the Fresh Step cat litter was of a particular standard, quality, or grade that it was not.

Answer:  Clorox denies the allegations of Paragraph 128.

129.    Defendant has further violated the DTPA by violating express and implied warranties related to Fresh Step cat litter.

Answer:  Clorox denies the allegations of Paragraph 129.

130.    Defendant further violated the DTPA by failing to disclose the above referenced information about the Fresh Step litter, which Defendant was aware of at all times pertinent hereto, and Defendant's failure to disclose these material facts was intended to induce the Texas Plaintiffs and the Texas Subclass into purchasing Fresh Step cat litter when they otherwise would not have entered into such transactions if this information had been disclosed.

1    Answer: Clorox denies the allegations of Paragraph 130.

2    131.    The Texas Plaintiffs and the Texas Subclass relied on Defendant's false statements

3    and omissions to their detriment.

4    Answer: Clorox denies the allegations of Paragraph 131.

5    132.    Defendant further acted unconscionably by committing acts or practices that to the

6    Texas Plaintiffs and the Texas Subclass' detriments and took advantage of the Texas Plaintiffs and

7    the Texas Subclass' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

8    Answer: Clorox denies the allegations of Paragraph 132. Moreover, the Court's July 30,

9    2013 Order dismissed the "DTPA CLAIM . . . WITH PREJUDICE to the extent that it is premised on

10   unconscionable conduct."

11   133.    Defendant's violations of the DTPA were committed knowingly and intentionally

12   Answer: Clorox denies the allegations of Paragraph 133.

13                                      **COUNT VII**

14                  **Deceptive Acts and Practices in Violation of**
                            **N.Y. Gen. Bus. Law §349**
15              (The New York Plaintiff and the New York Subclass)

16   134.    The New York Plaintiff and the New York Subclass incorporate by reference

17   paragraphs 1 through 76 above as though fully set forth herein.

18   Answer: Clorox repeats and re-alleges as if set forth herein its responses set forth in the

19   preceding paragraphs in response to Paragraph 134.

20   135.    The New York Plaintiff brings this cause of action on behalf of the New York

21   Subclass in the alternative to all other California law claims in the event the Court finds that

22   California substantive law does not apply to the New York Plaintiffs' claims.

23   Answer: Paragraph 135 sets forth Plaintiffs' desire to bring this cause of action on behalf of a

24   purported subclass. Clorox denies that any such subclass is legally cognizable and denies the

25   allegations of Paragraph 135.

26   136.    Defendant's representations and omissions complained of herein are likely to mislead

27   a reasonable consumer acting reasonably under the circumstances.

28   Answer: Clorox denies the allegations of Paragraph 136.

137.    Thus, Defendant's actions constitute deceptive trade practices within the meaning of N.Y. Gen. Bus. Law §349(a).

Answer:  Clorox denies the allegations of Paragraph 137.

138.    As a direct and proximate result of the aforementioned acts of Defendant, the New York Plaintiff and the New York Subclass have been harmed.

Answer:  Clorox denies the allegations of Paragraph 138.

139.    As such, the New York Plaintiff and the New York Subclass are entitled to recover damages under §349.

Answer:  Clorox denies the allegations of Paragraph 139.

140.    Moreover, pursuant to §349, the New York Plaintiff and the New York Subclass pray for an order enjoining Defendant's wrongful conduct.

Answer:  Clorox denies that the order sought by Plaintiffs is legally justified or appropriate, and denies the remaining allegations of Paragraph 140.

## COUNT VIII

### False Advertising in Violation of
### N.Y. Gen. Bus. Law §350, *et seq.*
(The New York Plaintiff and the New York Subclass)

141.    The New York Plaintiff and the New York Subclass incorporate by reference paragraphs 1 through 76 above as though fully set forth herein.

Answer:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 141.

142.    The New York Plaintiff brings this cause of action on behalf of the New York Subclass in the alternative to all other California law claims in the event the Court finds that California substantive law does not apply to the New York Plaintiff and the New York Subclasses' Claims.

Answer:  Paragraph 142 sets forth Plaintiffs' desire to bring this cause of action on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 142.

143.    Defendant's advertisements and representations complained of herein are "misleading in a material respect," as defined by N.Y. Gen. Bus. Law §350-a.

Answer:  Clorox denies the allegations of Paragraph 143.

144.    As a result, Defendant's advertisements and representations are unlawful under N.Y. Gen. Bus. Law §350.

Answer:  Clorox denies the allegations of Paragraph 144.

145.    As a direct and proximate result of the aforementioned acts of Defendant, the New York Plaintiff and the New York Subclass have been harmed.

Answer:  Clorox denies the allegations of Paragraph 145.

**COUNT IX**

**Violation of the New Jersey Consumer Fraud Act**
**N.J. Stat. Ann. §56:8-1, *et seq.***
(The New Jersey Plaintiff and the New Jersey Subclass)

146.    The New Jersey Plaintiff and the New Jersey Subclass incorporate by reference paragraphs 1 through 76 above as though fully set forth herein.

Answer:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 146.

147.    The New Jersey Plaintiff brings this cause of action on behalf of the New Jersey Subclass in the alternative to all other California law claims in the event the Court finds that California substantive law does not apply to the New Jersey Plaintiff's Claims.

Answer:  Paragraph 147 sets forth Plaintiffs' desire to bring this cause of action on behalf of a purported subclass.  Clorox denies that any such subclass is legally cognizable and denies the allegations of Paragraph 147.

148.    The New Jersey Plaintiff and the New Jersey Subclass and Defendant are "persons" within the meaning of the Consumer Fraud Act ("CFA").

Answer:  Paragraph 148 sets forth legal conclusions as to which no response is necessary.  To the extent a response is necessary, Clorox denies the allegations of Paragraph 148.

149.    The New Jersey Plaintiff and the New Jersey Subclass "consumers" within the meaning of the CFA.

1    Answer:  Paragraph 149 sets forth legal conclusions as to which no response is necessary.  To

2    the extent a response is necessary, Clorox denies the allegations of Paragraph 149.

3         150.    The Product is "merchandise" within the meaning of the CFA.

4         Answer:  Paragraph 150 sets forth a legal conclusion as to which no response is necessary.

5    To the extent a response is necessary, Clorox denies the allegations of Paragraph 150.

6         151.    At all relevant times material hereto, Defendant conducted trade and commerce in

7    New Jersey and elsewhere within the meaning of the CFA.

8         Answer:  Paragraph 151 sets forth a legal conclusion as to which no response is necessary.

9    To the extent a response is necessary, Clorox denies the allegations of Paragraph 151.

10        152.    The CFA is, by its terms, a cumulative remedy, such that remedies under its

11   provisions can be awarded in addition to those provided under separate statutory schemes.

12        Answer:  Paragraph 152 sets forth a legal conclusion as to which no response is necessary.

13   To the extent a response is necessary, Clorox denies the allegations of Paragraph 152.

14        153.    Defendant has engaged in deceptive practices in the sale of Fresh Step because

15   Defendant knew that they had purposely marketed and sold the Product in a manner that made the

16   New Jersey Plaintiff and reasonable consumers believe that Fresh Step eliminated odors better than

17   other cat litters.

18        Answer:  Clorox denies the allegations of Paragraph 153.

19        154.    Defendant has engaged in deceptive practices in the sale of Fresh Step because

20   Defendant knew that Fresh Step does not eliminate odors better than other cat litters.

21        Answer:  Clorox denies the allegations of Paragraph 154.

22        155.    Defendant's unconscionable conduct described herein included its false

23   representations concerning Fresh Step.

24        Answer:  Clorox denies the allegations of Paragraph 155.

25        156.    Defendant intended that the New Jersey Plaintiff and the New Jersey Subclass rely on

26   these representations, so that the New Jersey Plaintiff and the New Jersey Subclass would purchase

27   Fresh Step at a premium.

28        Answer:  Clorox denies the allegations of Paragraph 156.

157.     The false and misleading representations were intended to, and likely to, deceive a reasonable consumer.

Answer:  Clorox denies the allegations of Paragraph 157.

158.     The facts not disclosed would be material to the reasonable consumer, and are facts that a reasonable consumer would consider important in deciding whether to purchase the Product and how much to pay.

Answer:  Clorox denies the allegations of Paragraph 158.

159.     Defendant's representations were, and are, material to reasonable consumers, including the New Jersey Plaintiff and the New Jersey Subclass, in connection with their respective decisions to purchase the Product.

Answer:  Clorox denies the allegations of Paragraph 159.

160.     Had Defendant not engaged in false and misleading advertising regarding the Product, the New Jersey Plaintiff and the New Jersey Subclass would not have purchased Fresh Step, or would have paid less for it.

Answer:  Clorox denies the allegations of Paragraph 160.

161.     Had Defendant disclosed all material information regarding Fresh Step to Plaintiff and other members of the Class, they would not have purchased Fresh Step or would have paid less for it.

Answer:  Clorox denies the allegations of Paragraph 161.

162.     The foregoing acts, omissions and practices directly, foreseeably and proximately caused the New Jersey Plaintiff and the New Jersey Subclass to suffer an ascertainable loss in the form of, *inter alia*, monies spent to purchase Fresh Step at a premium price, and they are entitled to recover such damages, together with appropriate penalties, including, but not limited to, treble damages, attorneys' fees and costs of suit.

Answer:  Clorox denies the allegations of Paragraph 162.

**COUNT X**
**Breach of Express Warranty**
(The New York Plaintiff and New York Subclass, the Florida Plaintiffs and Florida Subclass, and the California Plaintiff and California Subclass)

163.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 76 as

1    though fully set forth herein. Plaintiffs, and each member of the Class, formed a contract with
2    Clorox at the time Plaintiffs and the other members of the Class purchased Fresh Step. The terms of
3    that contract include the promises and affirmations of fact made by Clorox through its marketing
4    campaigns, as described above. In particular, Defendant warrants that carbon-based Fresh Step is
5    better at eliminating and absorbing odors than baking soda-based cat litters and Fresh Step is better
6    at eliminating odors than Arm & Hammer Super Scoop. This advertising constitutes express
7    warranties, became part of the basis of the bargain, and is part of a standardized contract between
8    Plaintiffs and the members of the Class on the one hand, and Clorox on the other.

9        Answer:  With regard to the first sentence of Paragraph 163, Clorox repeats and re-alleges as
10   if set forth herein its responses set forth in the preceding paragraphs in response to Paragraph 163.
11   Clorox denies the remaining allegations of Paragraph 163.

12       164.    As set forth above, Defendants expressly warranted, *inter alia*, the following:

13       (a)     Clorox's "Fresh Step Scoopable litter with carbon is better at eliminating odors" than
14   other cat litters containing baking soda;

15       (b)     Clorox's Fresh Step Scoopable cat litter "has carbon, which is more effective at
16   absorbing odors than baking soda"; and

17       (c)     cats "are smart enough to choose" carbon-based Fresh Step "with less odors" over
18   other cat litters with baking soda.

19       Answer:  Clorox denies the allegations of Paragraph 164.  Moreover, the Court's August 24,
20   2012 Order dismissed Plaintiffs' claims based on statements that cats "like" or "choose" Fresh Step.

21       165.    Plaintiffs and the Class were exposed to these statements and reasonably relied upon
22   them in their purchase of Fresh Step.

23       Answer:  Clorox denies the allegations of Paragraph 165.

24       166.    In reality, Fresh Step with carbon is not better at fighting odors than other brands of
25   cat litter containing baking soda, and thus, Defendant breached its warranty.

26       Answer:  Clorox denies the allegations of Paragraph 166.

27       167.    Plaintiffs and the Class were damaged by Defendant's breach of warranty and have
28   suffered the losses alleged herein.

1    <u>Answer</u>:  Clorox denies the allegations of Paragraph 167.

2    168.    All conditions precedent to Clorox's liability under this contract, including notice,

3    have been performed by Plaintiffs and the Class.

4    <u>Answer</u>:  Clorox denies the allegations of Paragraph 168.

5    169.    Clorox breached the terms of this contract, including the express warranties, with

6    Plaintiffs and the Class by not providing the Fresh Step products as advertised and described above.

7    <u>Answer</u>:  Clorox denies the allegations of Paragraph 169.

8    170.    As a result of Clorox's breach of its contract and warranties, Plaintiffs and the Class

9    have been damaged in the amount of the purchase price of the Clorox Fresh Step product they

10   purchased.

11   <u>Answer</u>:  Clorox denies the allegations of Paragraph 170.

12   171.    As a direct and proximate result of Defendant's breach of express warranty, the

13   Plaintiffs and the Class have sustained damages and losses as alleged herein.

14   <u>Answer</u>:  Clorox denies the allegations of Paragraph 171.

15   **COUNT XI**
**Unjust Enrichment**

16   (The California Plaintiff and California Subclass)

17   172.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 76 as

18   though fully set forth herein.

19   <u>Answer</u>:  Clorox repeats and re-alleges as if set forth herein its responses set forth in the

20   preceding paragraphs in response to Paragraph 172.

21   173.    Plaintiffs and the Class conferred a benefit on Clorox by purchasing Fresh Step

22   products.

23   <u>Answer</u>:  Clorox denies the allegations of Paragraph 173.

24   174.    Clorox has been unjustly enriched in retaining the revenues derived from the Class

25   members' purchases of Fresh Step products, which retention under these circumstances is unjust and

26   inequitable because Clorox misrepresented that: (1) Clorox's carbon-containing Fresh Step cat litter

27   is more effective at eliminating odors than other cat litters; and (2) cats "choose" Fresh Step over

28   other cat litters. Moreover, by making these misrepresentations, Clorox caused injuries to Plaintiffs

and the Class because: (a) they paid a price premium for Fresh Step products; (b) they would not have purchased the Fresh Step products on the same terms if the true facts regarding cat behavior and the efficacy of carbon were known; and (c) Fresh Step products did not have the quality, functionality or value as promised.

Answer:  Clorox denies the allegations of Paragraph 174.

175.    Because Clorox's retention of the non-gratuitous benefit conferred on it by Plaintiffs and the Class is unjust and inequitable, Clorox must pay restitution to Plaintiffs and the Class for its unjust enrichment, as ordered by the Court.

Answer:  Clorox denies the allegations of Paragraph 175.

## PRAYER FOR RELIEF

Clorox denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Damages.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted because the representations made in Clorox's advertisements were accurate.  The Complaint also fails to state a claim upon which relief can be granted because it fails to allege any facts to support the conclusion that any representations made by Clorox in its advertisements were false or misleading.  The Complaint further fails to state a claim upon which relief can be granted because it fails to allege any facts to support the claim that Plaintiffs suffered any damages as a result of any act or omission on the part of Clorox.

## SECOND AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiffs are not entitled to relief under the statutes and theories invoked in the Complaint because Plaintiffs lack standing.

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Performance of Duties)**

3

Clorox has fully performed any and all contractual, statutory, and other duties, and Plaintiffs

4

are therefore estopped from asserting any cause of action against Clorox.

5

**FOURTH AFFIRMATIVE DEFENSE**

6

**(Lack of Justifiable Reliance)**

7

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew, at all times, the

8

characteristics, uses, benefits, qualities, standard, and grade of the product and therefore could not

9

have justifiably relied on the alleged misrepresentations or omissions asserted in the Complaint.

10

**FIFTH AFFIRMATIVE DEFENSE**

11

**(Puffery)**

12

Plaintiffs' claims are barred to the extent that any allegedly deceptive statements constitute

13

puffery, and no reasonable consumer would have reasonably relied on or misunderstood the

14

representations in Clorox's advertisements.

15

**SIXTH AFFIRMATIVE DEFENSE**

16

**(Unclean Hands)**

17

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

18

**SEVENTH AFFIRMATIVE DEFENSE**

19

**(Estoppel)**

20

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

21

**EIGHTH AFFIRMATIVE DEFENSE**

22

**(Laches)**

23

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

24

**NINTH AFFIRMATIVE DEFENSE**

25

**(Waiver)**

26

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

27

28

1

## TENTH AFFIRMATIVE DEFENSE

2

**(Reservation of Additional Defenses)**

3

      Clorox hereby reserves the right to amend its answer to raise additional affirmative defenses

4

as they become available or apparent to it through discovery in this matter or otherwise.

5

6

Dated:  March 7, 2014                                    JENNER & BLOCK LLP

7

8                                                                       /s Kenneth K. Lee
                                                                        By: Kenneth K. Lee

9
                                                                        Attorneys for Defendant The Clorox Pet
10                                                                      Products Company, improperly sued as The
                                                                        Clorox Company.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28