**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:          (213) 239-5100
Facsimile:     (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone:          (312) 222-9350
Facsimile:     (312) 527-0484

Attorneys for Defendant
The Clorox Pet Products Company, improperly sued as The Clorox Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CLOROX CONSUMER LITIGATION<br><br>This Document Relates To:<br><br>   All Actions | Master File No. 3:12-cv-00280-SC<br><br>**CLOROX'S NOTICE OF MOTION AND MOTION TO STRIKE NEW EVIDENCE AND ARGUMENTS SUBMITTED WITH PLAINTIFFS' REPLY BRIEF OR, IN THE ALTERNATIVE, TO PERMIT THE FILING OF A SURREPLY**<br><br>Action Filed: January 23, 2012<br><br>Amended Consolidated Complaint Filed: September 24, 2012 |

* * *

PLEASE TAKE NOTICE that Defendant The Clorox Pet Products Company, improperly sued as The Clorox Company ("Clorox"), will and hereby does move the Court, pursuant to Northern District of California Civil Local Rule 7-3(d), for an order striking new evidence and legal arguments submitted by Plaintiffs for the first time on reply.  In the alternative, Clorox respectfully requests leave to file the concurrently-submitted [Proposed] Surreply in Response to Plaintiffs' New Evidence and Argument.

Clorox's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and any additional briefing or argument on this subject that may be permitted by the Federal and Local Rules or requested by the Court.

Dated:  May 27, 2014                                JENNER & BLOCK LLP

  /s Kenneth K. Lee_____
By: Kenneth K. Lee

Attorneys for Defendant
The Clorox Pet Products Company

# INTRODUCTION

It is black-letter law that a party cannot submit new evidence or arguments in a reply brief. Nonetheless, Plaintiffs in their reply brief offer — for the first time — new evidence and arguments about the supposed ascertainability of their proposed class. Notably, Plaintiffs did not even mention the word "ascertainability" in their motion for class certification, even though courts in the Ninth Circuit and elsewhere have emphasized that ascertainability is an implied prerequisite under Rule 23(a). Now, at the midnight hour, Plaintiffs devote nearly ten pages — over one third of their reply brief — to this issue and have submitted a new declaration discussing and attaching ten new exhibits. *See* ECF No. 115-3 at 1, 3-9; ECF No. 115-7 ¶¶ 15-27 & Exs. 13-22.

Plaintiffs have offered no reason why they waited until the twilight of the class certification stage to address class ascertainability for the first time. It is well-established that a party seeking class certification must demonstrate that an identifiable and ascertainable class exists. Plaintiffs' last-minute attempt to fulfill their burden to demonstrate ascertainability has denied Clorox a full and fair opportunity to respond to their new arguments and evidence. Such conduct is unacceptable and unfair.

Accordingly, Plaintiffs' new arguments and evidence regarding class ascertainability should be stricken. In the alternative, the Court should grant Clorox leave to file a surreply to address the new issues raised in Plaintiffs' reply. As set forth in the proposed surreply (submitted concurrently), Plaintiffs' new evidence actually undermines their claim of ascertainability, and their new legal arguments are in fact rehashed arguments that this Court previously rejected in *Sethavanish v. ZonePerfect*.

# ARGUMENT

**I.    The Court Should Strike Plaintiffs' New Evidence and Legal Theories Because They Could, and Should, Have Been Offered With Their Class Certification Motion.**

"[I]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." *Daghlian v. DeVry University, Inc.*, 461 F. Supp. 2d 1121, 1144 n. 37 (C.D. Cal. 2006); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir. Ariz. 2000) ("[I]ssues cannot be raised for the

first time in a reply brief."). "The reasons are obvious. It robs the [responding party] of the opportunity to demonstrate that the record does not support [the movant's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Daghlian*, 461 F. Supp. 2d at 1144 n. 37 (citing *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000)).

Courts therefeore routinely refuse to consider new facts or arguments submitted in or with a reply brief. *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (courts "ordinarily decline to consider arguments raised for the first time in a reply brief"). Striking new evidence is particularly warranted where the moving party "could have easily submitted" the evidence with the moving papers, but "chose not to, instead opting to produce the evidence in his Reply, thereby depriving [the responding party] a chance to respond to it." *S.E.C. v. Private Equity Mgmt. Grp., Inc.*, No. 09-2901, 2009 WL 2488044, at *7 (C.D. Cal. Aug. 10, 2009) (declining to consider new evidence in a declaration submitted with reply brief because it was "simply unacceptable").

Here, Plaintiffs have improperly introduced new arguments and evidence in their reply brief. Prior to filing their class certification motion, Plaintiffs were well aware that that a party seeking class certification must demonstrate that membership in the proposed class is ascertainable. *See, e.g.*, *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 482 (N.D. Cal. 2011) ("[A]s a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists.").[1]

Nevertheless, Plaintiffs failed to address this threshold issue in their class certification motion. Instead, Plaintiffs opted to raise the issue for the first time in their reply, devoting nearly ten full pages to it and submitting a declaration attaching and discussing ten new exhibits. *See* ECF No. 115-3 at 1, 3-9; ECF No. 115-7 ¶¶ 15-27 & Exs. 13-22. Plaintiffs have offered no reason why this evidence could not have been submitted earlier.

Plaintiffs have broadsided Clorox at this late stage by improperly submitting new evidence in paragraphs 15-27 of the Dearman Declaration and the accompanying Exhibits 13-22, and

---

[1] *See also, e.g.*, *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089-91 (N.D. Cal. 2011) (same); *Deitz v. Comcast Corp.*, No. 06-6352, 2007 WL 2015440, at *8 (N.D. Cal. July 11, 2007) (same).

introducing new lines of argument regarding ascertainability in their reply brief. Because Plaintiffs failed to submit these arguments and evidence in their opening brief — as they were required to do — Clorox has been denied the opportunity to repond to them. Plaintiffs' conduct is patently unfair. The new arguments and evidence submitted by Plaintiffs on reply should be stricken.

## II.     Alternatively, the Court Should Give Clorox an Opportunity to Respond to Plaintiffs' New Evidence and Legal Theories, Which Were Offered for the First Time on Reply.

Where a court does not strike new material in a reply brief, it *must* afford the responding party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) ("[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) ("[A] district court may consider new evidence presented in a reply brief if the district court gives the adverse party an opportunity to respond."); *Chow v. Neutrogena Corp.*, No. 12-4624, 2013 WL 5629777, at *1 (C.D. Cal. Jan. 22, 2013) (explaining court granted defendant leave to file a surreply re class certification "[b]ecause it is not equitable to allow a party to withhold substantial and material evidence and argument from its moving papers only to submit it to the reply to which the opposing party is not afforded an opportunity to respond").

This is true even where the new material purports to "rebut" or "respond" to evidence submitted with the responding party's opposition papers. *Green v. Baca*, 306 F. Supp. 2d 903, 914 (C.D. Cal. 2004) (holding that even if a declaration submitted with the Reply "was proper rebuttal, it was incumbent upon the court to afford plaintiff an opportunity to respond to defendant's new evidence").[2]

In the proposed surreply submitted with this motion, Clorox demonstrates why the new evidence and new arguments do not meet the burden that Plaintiffs must bear to show that there is an administratively feasible method to determine class membership. The new evidence, if anything,

---

[2] *See also Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) (holding, where new declarations and arguments raised in the reply were largely within the scope of the issues raised by the opposition brief, that "[t]o the extent Plaintiffs may have gone beyond the scope of the Opposition, [the defendant would be given] an opportunity to submit a sur-reply, as well as additional rebuttal declarations of its own").

confirms that the class is not ascertainable: Only five of the 16 subpoenaed retailers had any information about which of their consumers purchased Fresh Step. And even among those five that had some records, they only had such information for a small slice of purchasers. In sum, Plaintiffs have not shown that there is an administratively feasible way of determining which of the tens of millions of Fresh Step consumers belong in their proposed class.

## **CONCLUSION**

For the foregoing reasons, Clorox respectfully requests that the Court strike paragraphs 15-27 of the Dearman Declaration, Exhibits 13-22 attached thereto, and all portions of the Plaintiffs' reply brief referencing and/or relying upon the offending material and/or introducing new legal theories regarding class ascertainability. In the alternative, Clorox respectfully requests leave to file the concurrently-submitted proposed surreply to address the new issues and evidence raised for the first time by Plaintiffs on reply.

Dated: May 27, 2014                    JENNER & BLOCK LLP

    /s Kenneth K. Lee
By: Kenneth K. Lee

Attorneys for Defendant
The Clorox Pet Products Company