ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (21313)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
         - and –
STUART A. DAVIDSON
MARK DEARMAN
KATHLEEN BARBER
BAILIE L. HEIKKINEN
CHRISTOPHER MARTIN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
kbarber@rgrdlaw.com
bheikkinen@rgrdlaw.com
cmartin@rgrdlaw.com

LABATON SUCHAROW LLP
GREGORY S. ASCIOLLA
ROBIN A. VAN DER MEULEN
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
gasciolla@labaton.com
rvandermeulen@labaton.com

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CLOROX CONSUMER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 12-cv-00280-SC<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO CLOROX'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENTS SUBMITTED WITH PLAINTIFFS' REPLY BRIEF<br><br>JUDGE: The Honorable Samuel Conti |

PLAINTIFFS' RESPONSE IN OPPOSITION TO CLOROX'S MOTION TO STRIKE NEW EVIDENCE AND
ARGUMENTS SUBMITTED WITH PLAINTIFFS' REPLY BRIEF
12-cv-00280-SC

I.  **INTRODUCTION**

Plaintiffs Susan Doyle, Megan Sterritt, Lori Kowalewksi, Kristin Luszcz, Tina Butler-Furr, and Catherine Lenz ("Plaintiffs") respectfully submit this response memorandum in support of their opposition to the Motion to Strike New Evidence and Arguments Submitted with Plaintiffs' Reply Brief (Dkt. No. 116, "Motion") filed by Defendant The Clorox Company ("Clorox" or "Defendant").

In its Motion, Defendant seeks to strike portions of Plaintiffs' Reply Memorandum in Support of Their Motion for Class Certification (Dkt. No. 115, "Plaintiffs' Reply"), claiming that Defendant was "broadsided" by putative "new" evidence and arguments in Plaintiffs' Reply. However, as fully discussed below, Plaintiffs' Reply was in direct response to the arguments raised in Defendant's Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 108, "Defendant's Opposition").  Defendant's present Motion, therefore, is a mischaracterization of Plaintiffs' Reply and a baseless attempt to ignore the long-established ascertainability requirements of class certification in this Circuit.  Accordingly, Defendant's Motion should be denied.

II.  **ARGUMENT**

    **A.**    **Plaintiffs' Reply Is Directly Responsive to Arguments Regarding Class Ascertainability Raised in Defendant's Opposition to Class Certification.**

While courts generally do not consider new evidence presented in a reply brief without giving the non-movant party an opportunity to respond, evidence is not "new" if it is submitted in direct response to or even "within the scope of the issues raised" in an opposition to a motion. *See Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) (denying defendant's motion to strike portions of plaintiffs' reply brief and supporting declaration where they were "largely within the scope of the issues raised by [defendant's] opposition"); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (stating that evidence is not "new . . . if it is submitted in direct response to proof adduced in opposition to a motion"); *Cook v. Champion Shipping AS*, 732 F. Supp. 2d 1029, 1031 n.2 (E.D. Cal. 2010) (denying plaintiffs' motion to strike declarations that "respond to discrete issues raised by plaintiffs in their

opposition brief, and do not raise new facts or arguments").

Here, the arguments and evidence in Plaintiffs' Reply were submitted in direct response to the issues raised in Defendant's Opposition and thus are not new or an attempt to "change gears," as Defendant purports. In its own ***nine pages*** dedicated to discussing the issue of ascertainability (Defendant's Opposition at 16-25), Defendant claims that Plaintiffs failed to adduce evidence of or methods for determining class membership, a requirement that Defendant argues is imposed by *Carrera v. Bayer Corp.,* 727 F.3d 300 (3d Cir. 2013) and *Sethavanish v. ZonePerfect Nutrition Co.,* No. 12-2907, 2014 WL 58096 (N.D. Cal. Feb. 13, 2014) (Conti, J.). However, as Plaintiffs contend in their Reply in direct response to Defendant's argument, this is not and has never been the law of the Ninth Circuit, where it is well-established that ascertainability requires only that class members can self-identify using objective criteria set out in a class definition. *See, e.g.*, *Forcellati v. Hyland's, Inc.*, No. 12–1983, 2014 WL 1410264, at *5 (C.D. Cal. Apr. 9, 2014) (stating that a class is ascertainable if it "can be defined through objective criteria" that "allows prospective plaintiffs to determine whether they are class members . . . ."); *McCrary v. Elations Co.*, No. 13–0242, 2014 WL 1779243, at *8 (C.D. Cal. Jan. 13, 2014) (holding that class was sufficiently ascertainable because "the class definition clearly define[d] the characteristics of a class member by providing a description of the allegedly offending product and the eligible dates of purchase"); *Lanovaz v. Twinings N. Am., Inc.*, No. 12–02646, 2014 WL 1652338, at *2-3 (N.D. Cal. Apr. 24, 2014) (holding that "in this Circuit, it is enough that the class definition describes a set of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a right to recover based on the description").

Moreover, in further direct response to Defendant's arguments regarding proof of class membership, Plaintiffs contend in their Reply that any documentary proof of class membership is simply not required at the class certification stage under Ninth Circuit jurisprudence. *See, e.g.*, *In re TFT-LCD Antitrust Litig.*, No. 07–1827, 2012 WL 253298, at *3 (N.D. Cal. Jan. 26, 2012) (noting that "ascertainability" and "proof of class membership [are] distinct concept[s]").

1 Indeed, this was the law of every jurisdiction until the Third Circuit issued its *Carrera* decision last year and this Court issued *ZonePerfect*.[1]

Defendant's feigned surprise that Plaintiffs addressed the ascertainability argument in response to Defendant's raising the issue is absurd.  Indeed, Defendant relies heavily on both *Carrera* and *ZonePerfect* in its opposition papers in order to try to impose a burden never before required by the Ninth Circuit.[2]  It should be no surprise, then, that Defendant's attempt to challenge well-settled Ninth Circuit case law necessitated the direct response found in Plaintiffs' Reply.

Although Plaintiffs continue to believe that the law in this Circuit does not mandate documentary proof of class membership at the class certification stage, in the alternative, in light of this Court's decision in *ZonePerfect*, Plaintiffs submitted a plethora of evidence from third-parties and Clorox itself demonstrating that the class is readily ascertainable at the class certification stage (Plaintiffs' Reply at 8; Dearman Decl. at ¶21).  Accordingly, Plaintiffs' Reply was directly responsive to the issues raised in Defendant's Opposition, relevant to the class certification briefing, and timely given the disposition of the case law.  Therefore, it should not be stricken.  There is no basis for Defendant to submit a sur-reply to further brief issues that it has already exhaustively explored in its briefing to date.

### III. CONCLUSION

For all of the reasons set forth above, this Court should deny Defendant's Motion in its entirety.

---

[1]  *See Werdebaugh v. Blue Diamond Growers*, No. 12-2724 2014 U.S. Dist. LEXIS 71575, *17-*21 (N.D. Cal. May 23, 2014) (not following the reasoning in *Carrera* and *ZonePerfect*, and holding instead that "in the Ninth Circuit '[t]here is no requirement that the identity of the class members . . . be known at the time of certification,'" and holding that "[b]ecause [the plaintiff's] proposed class is sufficiently definite to identify putative class members, the Court finds the proposed class sufficiently ascertainable.") (Koh, J.) (citations omitted).

[2]  This Court's decision in *ZonePerfect* was issued the day before Plaintiffs' initial motion was filed.

| | | |
|---|---|---|
| 1 | DATED: May 28, 2014 | |
| 2 | | */s/ Gregory S. Asciolla*<br>GREGORY S. ASCIOLLA |
| 3 | | LABATON SUCHAROW LLP |
| 4 | | GREGORY S. ASCIOLLA (*Pro Hac Vice*)<br>ROBIN A. VAN DER MEULEN (*Pro Hac Vice*) |
| 5 | | 140 Broadway |
| 6 | | New York, NY  10005<br>Telephone: 212/907-0700 |
| 7 | | 212/818-0477 (fax) |
| 8 | | ROBBINS GELLER RUDMAN |
| 9 | | & DOWD LLP<br>SHAWN A. WILLIAMS |
| 10 | | Post Montgomery Center<br>One Montgomery Street, Suite 1800 |
| 11 | | San Francisco, CA  94104<br>Telephone:  415/288-4545 |
| 12 | | 415/288-4534 (fax) |
| 13 | | ROBBINS GELLER RUDMAN |
| 14 | | & DOWD LLP<br>STUART A. DAVIDSON (*Pro Hac Vice*) |
| 15 | | MARK DEARMAN (*Pro Hac Vice*)<br>KATHLEEN BARBER |
| 16 | | BAILIE L. HEIKKINEN<br>CHRISTOPHER C. MARTINS |
| 17 | | 120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432 |
| 18 | | Telephone:  561/750-3000 |
| 19 | | 561/750-3364 (fax) |
| 20 | | ROBBINS GELLER RUDMAN |
| 21 | | & DOWD LLP<br>ROBERT M. ROTHMAN |
| 22 | | 58 South Service Road, Suite 200<br>Melville, NY  11747 |
| 23 | | Telephone: 631/367-7100<br>631/367-1173 (fax) |
| 24 | | |
| 25 | | *Co-Lead Counsel for Plaintiffs* |
| 26 | | SHEPHARD, FINKELMAN, MILLER |
| 27 | | & SHAH, LLP<br>JAMES C. SHAH |
| 28 | | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO CLOROX'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENTS SUBMITTED WITH PLAINTIFFS' REPLY BRIEF
12-cv-00280-SC                                                                                                                      - 4 -

|   |   |
|---|---|
| 1 | 35 East State Street |
| 2 | Media, PA 19063 |
|   | Telephone: 610/891-9880 |
|   | 610/891-9883 (fax) |

FARUQI & FARUQI, LLP
DAVID E. BOWER
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424/256-2884
424/257-2885 (fax)

FARUQI & FARUQI, LLP
ANTONIO VOZZOLO
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: 212/983-9330
212/983-9331 (fax)

*Members of Plaintiffs' Executive Committee*

PLAINTIFFS' RESPONSE IN OPPOSITION TO CLOROX'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENTS SUBMITTED WITH PLAINTIFFS' REPLY BRIEF
12-cv-00280-SC                                                                                                        - 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 28, 2014.

                                               */s/* Gregory S. Asciolla
                                               *Co-Lead Counsel for Plaintiffs*