IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CLOROX CONSUMER LITIGATION<br><br>This Document Relates To:<br>   ALL ACTIONS | ) Master File No. 12-00280 SC<br>)<br>) ORDER REQUESTING SUPPLEMENTAL<br>) <u>BRIEIFING</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Now before the Court is Plaintiffs' motion to certify five plaintiff sub-classes. ECF No. 99 ("Mot."). Each sub-class is defined by the state in which its members purchased Clorox Fresh Step cat litter -- either California, Texas, New York, Florida, or New Jersey. Plaintiffs allege that Clorox misrepresented Fresh Step's effectiveness relative to other cat litter brands, thereby inducing Plaintiffs to purchase Fresh Step at a higher price. In their initial complaint, Plaintiffs brought claims under California law only. ECF No. 1. Plaintiffs have since amended their complaint twice. Both the second and third amended complaints state Plaintiffs' contention that all five sub-classes should be certified under California law. ECF Nos. 29 ("SAC") ¶ 68; 93 ("TAC") ¶ 74. In the event that the Court were to conclude that

California law does not apply to all five sub-classes, the second and third amended complaints include alternative claims under the laws of Florida, Texas, New York, and New Jersey. SAC ¶¶ 96-156; TAC ¶¶ 102-62. Both amended complaints also argue in that, if the Court were to find that California law does not apply to all claims, the sub-classes should be certified under the laws of their respective states. SAC ¶ 69; TAC ¶ 75.

Plaintiffs' motion to certify refers only to the sub-classes. It requests certification for each sub-class under the law of its respective state. Mot. at 1, 7-14. However, the third amended complaint, which reasserts Plaintiffs' argument that all claims should be governed by California law, was filed <u>after</u> the motion to certify was submitted under seal. Additionally, Plaintiffs argue in their reply that they are entitled to a presumption that every member of the proposed classes relied on Clorox's alleged misrepresentations. That presumption, according to Plaintiffs, is grounded in California law. ECF No. 115-4 ("Reply") at 9-10. There is no discussion of whether or why such a presumption should apply to the sub-classes from other states if California law does not apply.

The Court hereby requests additional briefing on these issues. Plaintiffs shall file a single supplemental brief on this matter, not to exceed ten (10) pages, no later than fourteen (14) days after the signature date of this Order, that

    (1) specifies whether or not Plaintiffs contend that California law governs the claims of members of all five proposed sub-classes;

    (2) explains the legal basis for that position; and

2

    (3) discusses application of the class-wide presumption of reliance under the laws of New York, New Jersey, Texas, and Florida (either primarily if Plaintiffs seek certification under the law of each state or in the alternative if they seek certification under California law).

Clorox may file a single supplemental brief, also not to exceed ten (10) pages, no later than fourteen (14) days after Plaintiffs' supplemental brief is filed.

    IT IS SO ORDERED.

Dated: July 3, 2014           _____

                                       UNITED STATES DISTRICT JUDGE